**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

FILED
APR 1  3 45 PM '04

U.S. DISTRICT COURT

| | | |
|---|---|---|
| KERIN CARMODY | : | CIVIL ACTION NN. |
| PLAINTIFF | : | 303CV00456 MRK |
| | | |
| VS | : | |
| | | |
| KOHL'S DEPARTMENT STORES, INC | : | |
| DEFENDANT | : | MARCH 31, 2004 |

## PLAINTIFF'S MOTION TO COMPEL
## ANSWER TO INTERROGATORIES & PRODUCTION

The Plaintiff, Kerin Carmody, pursuant to F.R.C.P. 37(b) and (c) hereby moves for an order compelling the Defendant, Kohl's Department Stores, Inc., to fairly and accurately respond to Plaintiff's Interrogatories and Request for Production dated August 25, 2003. In support of this motion the Plaintiff represents the following:

1)      On March 26, 2004 the Plaintiff deposed employees disclosed by the Defendant who were present and witnessed all or part of the Plaintiff's incident. Both Barry Coleman, the store manager, and Jerri Thorton, a cashier working at the time of the Plaintiff's injury, testified the Defendant's Wisconsin representative, Steven Thomas, did not inquire of them or, to their knowledge, any store employees in providing answers to said interrogatories and production. This testimony indicates that the responses to the Plaintiff's Interrogatories and Production are highly suspect as to their truthfulness, veracity and completeness.

2)      For example, Mr. Barry Coleman, who conducted the Defendant's investigation of the Plaintiff's injury and testified he took pictures of the scene on May 26, 2001, which pictures were not provided to any party (EXH A at p.6-7 #22; EXH. B at #6, EXH. C at p.2). Mr. Coleman further indicated it would be his customary practice and procedure to keep his investigative file and pictures in his office unless and until he was requested to provide said file and pictures by Kohl's insurance company.

3)      Ms. Thorton had testified during her deposition that there was another cashier, whom Mr. Coleman identified as Joan Moaquin of Milford CT., who was present when the Plaintiff fell on May 26, 2001 and who is still employed at this Defendant's store but was not previously disclosed (EXH. A at p.6 #20). Mr. Coleman further indicated that there were likely four or more cashiers working at the time of the Plaintiff's injury.   There was also testimony of other store employees present who may have information concerning this incident including assistant managers Michael Volpe and David Payne, and security person David Valazquez.  Like Joan Moaquin, none of these employees were previously disclosed to the Plaintiff.

4)      Despite the prior telephonic discussion and agreements with this Court on January 24, 2004 and March 08, 2004, the Defendant still has not provided responses concerning factually similar cases/incidents at this and other Kohl's stores in Connecticut, such as the Arrie Cutler v. Kohl's Department Store (EXH. D).   Mr. Coleman testified at his deposition that he was aware of ten to twenty incidents since the opening of this Kohl's Store, and that there may be other incidents which he does not know of.  Mr. Coleman further testified he was not notified of incidents investigated by others and that investigative files are kept at the Kohl's Store until he is requested to provide said file(s), which per his testimony was not done in this case.

5)      The failure of the Defendant's Wisconsin representative failure to make basic inquiry necessary to fairly and accurately respond to Plaintiff discovery requests has materially prejudiced the Plaintiff in her efforts to abide by the current scheduling orders in this case and prepare for trial.

WHEREFORE, based on the Plaintiff would respectfully request the Court order the Defendant 's to amend its responses to Plaintiff's Interrogatories and Production, and other discovery, as required by F.R.C.P. 26(a)(e)(1)and(2), at a date certain time determined by the Court. The Plaintiff further requests an order prohibiting the use by the Defendant of any information, witnesses or evidence not previously disclosed at trial. The Plaintiff would further move, pursuant to Rule 37(c), for appropriate sanctions and/or expenses, including a reasonable attorney's fee, caused by the Defendant's failure to fairly and accurately respond to Plaintiff discovery requests, as well as an amendment of the pretrial deadlines with respect to responses and information provided not previously disclosed, and other relief the court deems appropriate.

THE PLAINTIFF,
KERIN CARMODY

BY: _____
RICHARD H. GREENE, (ct.08905)
431 HOWE AVENUE
P.O. BOX 2042 HUNTINGTON STATION
SHELTON, CT  06484
(203) 924 - 9361

## CERTIFICATION

This is to certify that a copy of the Plaintiff's Motion to Compel has been mailed on

this date, March 31, 2004, postage prepaid, to all counsel and pro se parties of record:

Barry Beletsky, Esq.
Ricco & Beletsky, LLC
310 Main Street, Suite 2B
East Haven, CT  06512

_____
RICHARD H. GREENE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

Kerin Carmody
     Plaintiff

                          :      CIVIL ACTION NO.
VS                       :      303CV00456 (JBA)
                          :
Kohl's Department Stores, Inc.    :
     Defendant              :      August 25, 2003

**PLAINTIFF'S INTERROGATORIES**

     The undersigned, on behalf of the Plaintiff, Kerin Carmody, pursuant to Rule 26 and 33 of the Federal Rules of Civil Procedure, hereby propounds the following interrogatories to be answered by the Defendant, Kohl's Department Stores, Inc. under oath, within thirty (30) days of the service thereof insofar as the disclosure sought will be of assistance in the prosecution of this action and can be provided by the Defendant with substantially greater facility than could otherwise be obtained.

**Definitions-**

     In preparing your responses to the interrogatories set forth herein, the following definitions should control unless indicated otherwise by the context:
Local Rule of Civil Procedure 26a is hereby incorporated by reference.

     *"Communication"* means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

     *"Document"* is defined to be synonymous in meaning and equal in-scope to the usage of this term in Federal Rules of Civil Procedure 34(a). A draft or nonidentical copy is a separate document within the meaning of this term.

     *"Identify (with respect to persons)"*. When referring to a person, to 'identify' means to provide, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

     *"Identify (with respect to documents)*. When referring to documents, to 'identify' means to provide, to the extent known, information about the (i) type of document; (ii) its general subject matter; (iii) the date of the document; and (iv) author(s), addressee(s) and recipient(s).

1

(7)     State whether it is your business practice to prepare, or obtain from your employees, any documentation or a written report of the circumstances surrounding injuries sustained by person(s) on the subject premises.

      ANSWER:   yes


(8)     State whether it is your business practice to prepare, or obtain from your customers witnessing an injury, any documentation or a written report of the circumstances surrounding injuries sustained by person(s) on the subject premises.

      ANSWER:    yes


(9)     State whether any documentation, communication or written report of the incident described in the complaint was prepared by you or your employees in the regular course of business.

      ANSWER:   yes


(10)    Please identify any documentation, communication, statement or report concerning the facts of the occurrence which is the subject of the plaintiff's complaint on file herein.

      ANSWER:   Report dated 5/26/01; Statement of plaintiff dated 11/13/01.  Also see report on slip resistance of tile dated 3/5/03.

(11)    State whether any warnings or caution signs or barriers were erected at or near the scene of the incident at the time the plaintiff claims to have been injured.

      ANSWER:   No


(12)    If the answer to the previous interrogatory (# 11) is in the affirmative, please identify:
(a)     the name, address, and employer of the person who erected the warning or caution sign(s) or barrier(s);

      ANSWER:   Not applicable

(b)     the name, address, and employer of the person who instructed the person to erect the warning or caution sign(s) or barrier(s);

      ANSWER:

(18)    To your knowledge was any warning communicated to invitees on the premises regarding any condition of the floor on the subject premises on May 26, 2001 on or before 11:00 am?

ANSWER:  No

(19)    Please state whether you have made or conducted any visual observations/surveillance tapes concerning any of the activities of the plaintiff at the time of the occurrence alleged in plaintiff's complaint.

ANSWER:  None

(20)    Identify the names and addresses of all persons known to you who were present at the time of the incident alleged in the complaint who observed or witnessed all or part of the incident (include witnesses present such as cashier(s), counter person in jewelry dept., post-incident witnesses such as store manager(s) etc.).

ANSWER:  None other than those provided by plaintiff's counsel and Store Manager, Barry Coleman.

(21)    Please identify who possesses or claims to possess any physical evidence, of any description whatsoever, pertaining to any aspect of the subject incident or the injuries allegedly arising therefrom.

ANSWER:  None

(22)    Please identify, by name and address, any person other than an expert who will not testify at trial, who took or prepared any and all of the following photographs in your possession or control or in the possession and control of your attorney, and state the dates on which photographs were prepared and by whom;

(a)    photographs depicting the accident scene;

ANSWER:  Darlene Hollingsworth

(b)    photographs depicting any condition of injury alleged to have been caused by the incident alleged in the Complaint;

ANSWER:  None

6

(c)    state the number of photographs taken;

ANSWER:    Two

(d)    state the date on which each of the photographs were taken.

ANSWER:    1/29/02


(23)   Please state, with respect to the premises where the plaintiff's injury allegedly occurred, the following:

(a)    the date such premises were originally constructed;

ANSWER: Installation of the tile at this store site commenced after it was delivered on 1/20/00

(b)    the type of floor surface, including composition and color, which were originally installed at the accident site;

ANSWER: C990 Madras - 12x12 white tile, polished
        C 350 Tolima - 12x12 grey tile, polished

(c)    whether any additions or changes in design or dimension have been made to the flooring surface since the original construction thereof, and if so, the dates and nature of any such changes;

ANSWER: None known

(d)    the identity of the person or entity who installed the original flooring surface; and

ANSWER:    Trans ceramica Graniti Fiandre


(e)    the identity of the person or entity who designed the original flooring surface.

ANSWER:    Unknown


(24)   Please describe the physical condition of the premises on the first occasion that they were inspected by the defendant following the occurrence which is alleged in plaintiff's complaint.

ANSWER:    No defect


7

THE PLAINTIFF,
KERIN CARMODY

BY: _____
RICHARD H. GREENE, HER ATTORNEY
431 HOWE AVENUE
P.O. BOX 2042 HUNTINGTON STATION
SHELTON, CT 06484
(203) 924 - 9361

I hereby certify that I have reviewed the above interrogatories and responses thereto and they are true and accurate to the best of my knowledge and belief.

AFFIANT  STEVEN J. THOMAS, ESQ.

Subscribed and sworn to before me on this 2 day of *December*, 2003

_____
NOTARY PUBLIC
COMM. OF THE SUPERIOR COURT
STATE OF WISCONSIN
My commission expires 8/5/07.

10

## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

Kerin Carmody    :
  Plaintiff    :
         :   CIVIL ACTION NO.
         :   303CV00456 (JBA)
VS        :
         :
Kohl's Department Stores, Inc. :
  Defendant   :   August 25, 2003

### Plaintiff's First Request
### For Production of Documents

In accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff,

Kerin Carmody, hereby requests Defendant, Kohl's Department Stores, Inc., to produce the

following documents at the Law Office of Richard H. Greene, 431 Howe Avenue, Shelton,

Connecticut 06484 within thirty (30) days hereof.

**Definitions-**
 The terms *"you"*, *"your"* or *"Defendant"* means the Defendant, Kohl's Department Stores,
Inc.

  The term *"document"* means any written, recorded, or pictorial presentation, however
produced or reproduced, including, but not limited to, contracts, memoranda, letters,
publications, correspondence, reports, financial calculations, proposals, offers, telegrams,
handbooks, invoices, receipts, bills, checks, ledgers, journals, tables, forms, graphs, logs,
diaries, brochures, pamphlets, instruction manuals, work papers, accounts, calendars, data
compilations, computer inputs and outputs, photographs, diagrams, teletype, telefax, tape
recordings, transcripts, meetings or conversations, and all other writings and recordings in
the possession, custody or control of the party to whom this request is directed or the party's
agents, representatives, or attorneys, unless privileged. *"Document"* includes the original
and all drafts and copies which differ in any respect from the original.

  If you deem any document otherwise required to be produced in response to this Request
to be privileged, you shall, nevertheless, identify the same, stating: (i) the author and, if
different, its signer or signers and the date and place of its preparation; (ii) the identification
of each person who either sent or received the original or any copy thereof; and (iii) the
basis upon which such privilege is claimed.

  This is a continuing request and requires further and supplemental production by you as
you acquire additional documents between the time of the initial production hereunder and
the time of hearing and trial of this action.

1.  A copy of the policies or procedure identified in response to interrogatory # 5.

2.  A copy of the report identified in the response to interrogatory # 9.

3.  A copy of the statement/report identified in the response to interrogatory #10.

4.  A copy of any written complaints identified in interrogatory # 14 and # 16.

5.  A copy of any surveillance tapes identified in the response to interrogatory # 19.

6.  A copy of any photographs identified in the response to interrogatory # 22.

7.  A copy of declaration page(s) evidencing the insurance policy(ies) identified in the
    response to interrogatories # 41 & 42.

8.  Copies of any non-privileged statements of any party in this lawsuit concerning this
    action or its matter.

                                    THE PLAINTIFF,
                                    KERIN CARMODY


                                    BY:_____
                                        RICHARD H. GREENE (ct.08905)
                                        431 HOWE AVENUE
                                        P.O. BOX 2042, HUNTINGTON STATION
                                        SHELTON, CT 06484
                                        (203) 924-9361

## CERTIFICATION

This is to certify that a copy of the foregoing request for production has been mailed on this date, postage prepaid, to all counsel and pro se parties of record:

Barry Beletsky, Esq.
Riccio & Beletsky
310 Main Street, Suite B
East Haven, CT  06512

RICHARD H. GREENE (ct.08905)

**Kohl's Incident Report : For   with Customers and the Public**

JUL 26 2001

Instructions: Report all incidents by phone to 800-793-5716 within 24 hours. Complete both sides of written report in full and send a copy with original photographs and / or videotape to Liberty Mutual. Retain the original report and another set of pictures in the store file. If a product or other physical evidence is involved, remove from the store floor and tag it appropriately . Retain the evidence at the store until Liberty Mutual contacts you for disposition.

Date of Report: 5/26/01   Date of Incident 5/26/01   Store Location Number 029403

Date Reported by phone to Liberty Mutual 5/26/01   Liberty Mutual Claim Number P949-109.319.01

Store address (Include City, State, and Zip Code): 100 Hawley Avenue, Trumbull, CT 06611

Store Phone (Include Area Code) (203) 378-8199

Print full name, title, address, and phone number of party completing this report: Barry Coleman Store Manager 378-8199 w

Name of person involved Kerin Carmody - Fawzi

Social Security number of person involved 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

Complete Home Address(city, state, zip): 10 Hawthorne Ave #12 Derby CT 06418

Age 45  Sex (M/F) Female  Business Address: (city, state, zip): _____

Phone Number(s) Home: (203) 734-8391  Business: (   )

Name(s) of Companion(s) with person involved - Include, name, age, address, telephone numbers: _____

Location of incident: Front of store (After Carpet [Front Mat] Ends)

Time of Incident: 1:25  AM/PM Weather Conditions: Rainy

Description of Incident: (Be specific and state facts): Entered store after mat ended walked on Tile - slipped (shoes must have still been wet)

Name and address of manufacturer or supplier involved in the incident include the SKU number of the product involved: _____

Extent of injury - list all injured body parts as reported by the person involved: Fell on left knee, hurt wrist all the way to her shoulder

Was medical treatment sought? NO

Was any medical assistance provided at time of incident? If yes, indicate who provided and type of assistance: NO

Name of Physician, Clinic or Hospital if the person sought medical treatment after the incident: N/A

PAGE TWO : -- SIDE TWO---

WITNESSES: (INCLUDE EMPLOYEES, CUSTOMERS AND ANYONE WHO INSPECTED OR OBSERVED THE AREA):

Name:_____  Address:_____

Telephone Number:_____  Employee: (Yes/No):_____
Name:_____  Address:_____

Telephone Number:_____  Employee: (Yes/No):_____
Name:_____  Address:_____

Telephone Number:_____  Employee: (Yes/No):_____
Name:_____  Address:_____

Telephone Number:_____  Employee: (Yes/No):_____
Name:_____  Address:_____

Telephone Number:_____  Employee: (Yes/No):_____

Photographs taken of area (Yes/No )_____If person involved slipped on a substance state type of substance and color of substance _____

Type of floor?__Tile_____  Color of Floor?__White_____
Describe the type of shoes the person involved was wearing?__Sneakers__
Was the person involved carrying anything? If yes, describe: __a Pocket book__

Was the person involved wearing glasses?__Yes__ Was the person involved pushing a cart ?__No__
Does any store videotape show the incident? Yes/ No  If yes, provide a copy of the tape to Liberty Mutual and retain a copy at the store.
Describe the attitude of the person involved: __a Upset__

USE AREA BELOW TO DIAGRAM THE LOCATION WHERE THE INCIDENT OCCURRED:

Fell
Floor X
Carpet Mat

Front Entrance

RETURN DATE: August 20, 2002          *     SUPERIOR COURT

ARRIE CUTLER                          *     J.D. OF NEW HAVEN

VS.                                   *     AT NEW HAVEN

KOHL'S DEPARTMENT STORES, INC.        *     JULY 10, 2002

## COMPLAINT

1.     On or about July 31, 2000, and for some time prior thereto, the defendant, Kohl's Department Stores, Inc. owned and/or operated a property located on 2380 Dixwell Avenue, in the City of Hamden and State of Connecticut (hereinafter the "premises").

2.  At all relevant times, the defendant, ("Kohl's"), permitted and/or invited the general public, including tenants and their guests, to enter upon the premises.

3.     It was the duty of the defendant  to exercise care to maintain the premises in a reasonably safe condition for members of the public, including the plaintiff.

4.     On or about July 31, 2000, the plaintiff was lawfully upon the premises and/or was a business invitee thereon.

5.     On said date, while the plaintiff was upon the premises, she was caused to slip and fall on an accumulation of water on the floor of the premises, causing her to sustain the injuries as hereinafter set forth.

6.     The fall of the plaintiff was caused by the carelessness and negligence of the defendant in one or more of the following ways:

176 WETHERSFIELD AVENUE · HARTFORD, CONNECTICUT 06114    JURIS NO. 1··· 0 · 0800 525 2222

a.  It caused, allowed and permitted the accumulation of water to remain upon the floor in an area where it knew its customers were likely to walk, making it slippery and dangerous for use;

b.  It maintained said floor in the aforesaid condition;

c.  It failed to remedy said slippery and dangerous condition by drying and/or removing, or causing to be dried and removed the water on the floor;

d.  It failed to inspect said floor in order to ascertain that there was a slippery and dangerous condition then and there existing;

e.  It failed to give any warning to the plaintiff of the slippery and dangerous condition existing on said floor;

f.  It failed to provide and maintain adequate and sufficient lighting in the area where the fall down occurred; and

g.  It otherwise failed to exercise reasonable care in order to keep said floor in a reasonably safe condition for persons lawfully using the same.

7.  As a result of said fall, the plaintiff was forced to suffer the following injuries, some or all of which may be permanent in nature:

a.  Injury to her right knee; and

b.  Injury to her right ankle.

8.  As a result of said fall and resultant injuries, the plaintiff incurred pain and suffering.

9.     As a further result of said fall and resultant injuries, the plaintiff has been forced to suffer and will continue to suffer a loss of her enjoyment of life's leisure activities.

10.     As a further result of said fall and resultant injuries, the plaintiff was forced to expend sums of money for medical care and may in the future be obliged to expend further sums for such purposes.

11.  As a further result of said fall and resultant injuries, the plaintiff has lost wages.

THE PLAINTIFF

BY: _____
A. Jeffrey Somers
Carter Mario Injury Lawyers
176 Wethersfield Avenue
Hartford, CT 06114
Juris No.:  106160
Tel. No.: (860).525.2222

RETURN DATE: August 20, 2002      \*      SUPERIOR COURT

ARRIE CUTLER      \*      J.D. OF NEW HAVEN

VS.      \*      AT NEW HAVEN

KOHL'S DEPARTMENT STORES, INC.      \*      JULY 10, 2002

## PRAYER FOR RELIEF

The plaintiff claims:

1.      Monetary damages;

2.      Such other and further relief as the court deems fair and equitable.

THE PLAINTIFF

BY: _____
A. Jeffrey Somers
Carter Mario Injury Lawyers
176 Wethersfield Avenue
Hartford, CT 06114
Juris No.: 106160
Tel. No.: (860).525.2222

RETURN DATE: August 20, 2002      *      SUPERIOR COURT

ARRIE CUTLER      *      J.D. OF NEW HAVEN

VS.      *      AT NEW HAVEN

KOHL'S DEPARTMENT STORES, INC      *      JULY 10 2002

## STATEMENT OF AMOUNT IN DEMAND

The amount, legal interest or property in demand is greater than $15,000.00, exclusive of interest and costs.

THE PLAINTIFF

BY: _____

A. Jeffrey Somers
Carter Mario Injury Lawyers
176 Wethersfield Avenue
Hartford, CT 06114
Juris No.: 106160
Tel. No.: (860).525.2222