FILED

Apr 29  3 21 PM '04

U.S. DISTRICT COURT
HAVEN COURT
CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Kerin Carmody
    Plaintiff

                    )
VS                    )CIVIL ACTION NO.
                    )303CV00456 (JBA)
                    )
Kohl's Department Stores, Inc.  )
    Defendant            )April 26, 2004

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

### I.   PROCEDURAL BACKGROUND

The original complaint in this case was dated February 14, 2003 and made returnable March 11, 2003. The complaint alleges that on May 26, 2001, the plaintiff was shopping at a retail business establishment owned by defendant at 100 Hawley Lane, Trumbull, Connecticut 06611 (hereinafter the "Premises"). The plaintiff alleges that when she entered the Premises from the front door she was caused to fall as a result of a dangerous and slippery floor, causing the plaintiff to sustain

personal injuries.  First Count, paragraph 5.  The plaintiff further alleges that the defendant was negligent in allowing the "slippery and dangerous condition" to remain for a prolonged period of time. First Count, Paragraph 6(b).  The plaintiff adds a second count against the defendant on a theory of vicarious liability for the same negligent acts of its agents, servants, and employees.

## II.  UNDISPUTED FACTS

It is not disputed that the plaintiff in her deposition stated that she never saw any condition on the floor that may have caused her to fall until 20 to 30 minutes after she fell, when she saw water on the floor.  See Exhibit A, pages 22, 25.  She admits that she does not know how long the water was on the floor or whether it was there prior to the time of her fall.  Exhibit A, page 27.  She never actually saw any water on the floor until she did "wake up" 20 to 30 minutes after the alleged fall.  Exhibit A,

pages 22, 25.  Plaintiff admits she does not know
what caused her to fall, as she did not notice the
floor was slippery when she fell.  Exhibit A at page
22.

Two witnesses, Jerri Thornton and Barry Coleman,
have both testified that the floor was not wet
immediately after the plaintiff fell.  See Deposition
Transcript of Jerri Thornton, Exhibit B, pages 33-34;
and Deposition Transcript of Barry Coleman, Exhibit
C, page 31.    Ms. Thornton testified that the
plaintiff stated that she was "embarrassed" by her
fall.  Exhibit C, page 26.

From this deposition testimony, it is undisputed
that there is no evidence that the floor was wet or
slippery until well after the plaintiff had fallen.
There is not a scintilla of evidence that the floor
was wet, or slippery, or dangerous, prior to the time
that the plaintiff fell.  The allegation that such a
condition existed "for a prolonged period of time", a

necessary component of plaintiff's cause of action, is wholly unsupported by the evidence. Therefore, defendant cannot be charged with notice of a condition which the undisputed evidence establishes did not exist prior to the plaintiff's fall.

### III. LAW AND ARGUMENT

#### A. STANDARD OR REVIEW

Federal Rule of Civil Procedure 56 (c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." This form of relief is appropriate when after discovery, the party – here plaintiff – against whom summary judgment is sought, has not shown that evidence of an essential element of her case – one on which she has the burden of proof-exists. <u>See</u>

4

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). This form of remedy is inappropriate when the issue to be resolved is both genuine and related to a disputed material fact. An alleged factual dispute regarding immaterial or minor facts between the parties will not defeat an otherwise properly supported motion for summary judgment. <u>See Howard v. Gleason Corp.</u>, 901 F.2d 1154, 1159 (2d Cir. 1990). Moreover, the existence of a mere scintilla of evidence in support of nonmovant's position is insufficient to defeat the motion; there must be evidence on which a jury could reasonably find for the nonmovant. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252 (1986).

If the movant demonstrates an absence of a genuine issue of material fact, a limited burden of production shifts to the nonmovant, who must "demonstrate more than some metaphysical doubt as to the material facts," and come forward with "specific

5

facts showing that there is a genuine issue for trial." <u>Aslanidis v. United States Lines, Inc.</u>, 7 F.3d 1067, 1072 (2d Cir. 1993). If the nonmovant fails to meet this burden, summary judgment will be granted against it. <u>Gallo v. Prudential Residential Servs.</u>, 22 F. 3d 1219, 1224 (2d Cir. 1994).

**B. THERE IS NO GENUINE ISSUE OF MATERIAL FACT THAT THERE WAS NO DEFECT ON DEFENDANT'S FLOOR PRIOR TO THE TIME PLAINTIFF FELL**

In a premises liability case, to hold a defendant liable for personal injuries, the plaintiff must prove: (1) the existence of a defect; (2) that the defendant knew or in the exercise of reasonable care should have known about the defect, and (3) that such defect had existed for such a length of time that the defendant should, in the exercise of reasonable care, have discovered it in time to remedy it. <u>Cruz v. Drezek</u>, 175 Conn. 230, 238-39 (1978); <u>Spingola v. White Water Mt. Resorts</u>, 2002 Ct. Sup. 15711 (Robinson, J., December 16, 2002) (copy attached).

6

In <u>Anderson v. Marriott Hotel Service</u>, 2002 Ct. Sup. 15116 (Thompson, J., November 25, 2002) (copy attached), the trial court held that summary judgment was appropriate where, based on the depositions and affidavits submitted, it was undisputed that the area where the plaintiff's foot slipped was free of defects at the time of the plaintiff's fall. <u>Id</u>., at 15120. It is the defendant's contention in this case that based on plaintiff's own deposition testimony, i.e., that she was not aware of any slippery condition prior to her fall, and only saw water after her fall, that there is no genuine issue of material fact that no defect existed at the time of the fall. If there was any defect, it was only created after the fall.

Defendant owes a duty to the plaintiff as a business invitee to keep the premises in a reasonably safe condition. <u>Marin v. Bell Court Condominium Assoc., Inc.</u> 233 Conn. 323, 327 (1992). In this

7

case, there is no genuine issue of material fact that the floor was in a safe condition when the plaintiff fell.  Plaintiff admits she was not aware of any slippery condition prior to her fall and only saw water on the floor after she fell.  While the testimony may create an issue of fact as to whether the floor was in a reasonably safe condition after the plaintiff fell, there is no such issue of fact as to the existence of a dangerous condition prior to the time that the plaintiff fell.

In this case, as a matter of law, there was no breach of the duty of care because there is no genuine issue of material fact that there was no defect on the floor of the Premises.  If there was a defect, it came into existence only after the plaintiff fell.

It is not disputed that the plaintiff in her deposition stated that she never saw any condition on the floor that may have caused her to fall until 20

8

to 30 minutes after she fell, when there was water. See Exhibit A, pages 22, 25. She admits that she does not know how long the water was on the floor or whether it was there at all prior to the time of her fall. Exhibit A, page 27. She never actually saw any water on the floor until she did "wake up" 20 to 30 minutes after the alleged fall. Id, pages 22, 25. Plaintiff admits she does not know what caused her to fall, as she did not notice the floor was slippery when she fell. Exhibit A, page 22.

Two witnesses, Jerri Thornton and Barry Coleman, have both testified that the floor was not wet immediately after the plaintiff fell. See Deposition Transcript of Jerri Thornton, Exhibit B, pages 33-34; and Deposition Transcript of Barry Coleman, Exhibit C, page 31. Ms. Thornton testified that the plaintiff stated that she was "embarrassed" by her fall. Exhibit C, page 26.

From this deposition testimony, it is undisputed that there is no evidence that the floor was wet or slippery until well after the plaintiff had fallen. There is not a scintilla of evidence that the floor was wet _prior_ to the time that the plaintiff fell. Therefore, defendant cannot be charged with notice of a condition which the undisputed evidence establishes did not exist prior to the plaintiff's fall.

In this case, much like the _Anderson_ case, there was, as a matter of law, based on the submitted deposition testimony, no defective or dangerous condition prior to the time of plaintiff's fall. Plaintiff alleges in her complaint that a slippery and dangerous condition existed for a "prolonged period of time." However, in her deposition the only testimony regarding a slippery or dangerous condition existing was after the time plaintiff fell. Thus, there is no genuine issue of material fact that no defect existed prior to the time of the fall, and

10

since no defect existed, no duty of care was breached. Therefore, the Court should follow the reasoning of <u>Anderson</u> and grant summary judgment in favor of the defendant.

**C. EVEN IF THERE WAS A SLIPPERY OR DANGEROUS CONDITION ON THE FLOOR, DEFENDANT HAD NO NOTICE OF THE CONDITION**

The undisputed facts of this case raise the question: of what defective condition, if any, could defendants legally be charged with having actual or constructive notice?    It is well established that plaintiff must allege and prove "that the defendant had actual or constructive notice of the presence of the specific unsafe condition that caused her fall." <u>Fuller v. First National Supermarkets, Inc.</u>, 38 Conn. App. 299, 301 (1995). (emphasis added).  Either type of notice must be notice of the "<u>very defect</u> which occasioned the injury and not merely of conditions naturally productive of that defect even though subsequently in fact producing it."

11

LaFaive v. DiLoreto, 2 Conn. App. 58, 60 (1984) (emphasis added).

The plaintiff herein can point to no specific defect of which defendants are legally chargeable with actual or constructive notice.    The Complaint alleges that the "defendant negligently and carelessly allowed and permitted said front entrance area to remain in a slippery and dangerous condition for a prolonged period of time." See Complaint, paragraph 6(b).    However, plaintiff in her deposition presented absolutely no evidence to create any issue of fact as to whether there was water or a slippery condition on the floor prior to her fall.    Plaintiff stated she had no idea how long the water was on the floor or whether it was there prior to her fall.    Exhibit A, page 27.    The defendant cannot be said to have either actual or constructive notice of a condition which the evidence does not establish was in existence at or prior to the time of the plaintiff's fall.

12

Nor can it be said that defendant is chargeable with actual or constructive notice of a slippery condition potentially created by the plaintiff when she admittedly walked over the floor with wet shoes. (See Exhibit A, pages 14-22, plaintiff admits to leaving store, walking on wet pavement with tennis shoes, then coming back into store). Assuming arguendo defendants could be shown to have had notice that plaintiff was walking on their floor with wet shoes, they had no duty to warn the plaintiff of an obvious danger, that being that one should not walk on a tile floor with wet tennis shoes. See Soloman vs. Waterbury, 246 Conn. 298, 307 (no duty to warn plaintiff of obvious danger). Furthermore, under such circumstances, there is no specific defect of which plaintiff can legally charge defendant with actual or constructive notice.

**IV. CONCLUSION**

For all of the foregoing reasons there is no genuine issue of material fact that no defect existed on

13

the defendants' premises, thus defendants could not have breached any duty of care. Moreover, plaintiff cannot charge the defendants with actual or constructive notice of any specific defect which caused her to fall. Therefore, summary judgment must enter in favor of defendants.

THE DEFENDANT,
KOHLS DEPARTMENT STORES

BY_____

DAVID J. BAKER, ESQ.
RICCIO & BELETSKY LLC
310 MAIN STREET
SUITE 2B
EAST HAVEN, CT 06512
TEL. 469-8080
FEDERAL BAR #11934

14

## CERTIFICATION

     I hereby certify that a copy of the foregoing has been mailed, postage prepaid, on this 28th day of April 2004 to:

Richard H. Greene, Esq.
431 Howe Avenue
Shelton, CT   06484

                                                                       
DAVID J. BAKER, ESQ.