UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KERIN CARMODY  :  CIVIL ACTION
PLAINTIFF  :  303CV00456 MRK

VS  :

KOHL'S DEPARTMENT STORES, INC  :
DEFENDANT  :  JUNE 01, 2004

## PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF PHOTOGRAPH

The Plaintiff, Kerin Carmody, pursuant to F.R.C.P. 37(b) and (c) hereby Requests the Court for an order for a date certain time for the Defendant, Kohl's Department Stores, Inc., to provide the second picture disclosed at the March 26, 2004 deposition of Barry Coleman. In support of this motion Plaintiff represents the following:

1) Mr. Barry Coleman, the store manager of the Defendant's Trumbull facility who conducted the Defendant's investigation of the Plaintiff's injury and testified he took pictures of the scene on May 26, 2001 (EXH A at p.6-7 #22; EXH. B at #6, EXH. C at p.2) that were not previously disclosed to the Plaintiff in response to her interrogatories and production requests dated August 25, 2003.

2) By letter dated April 20, 2004 the Defendant provided one (1) laser color copy of the relevant picture of the accident site, appended hereto (EXH D.)

3) Despite recent discussion at the deposition of cashier Joan Moquin on May 26, 2004 and follow up telephone inquiry to the Defendant on May 27, 2004 the Defendant still has not provided a response regarding the availability of the second photograph.

4) The second picture is relevant regarding the floor condition of the front entrance at the time of the Plaintiff's injury, necessary in response to the Plaintiff's Objection to the Defendant's Motion for Summary Judgment.

WHEREFORE, based on the Plaintiff would respectfully request the Court order the Defendant's to provide the second picture of the accident site at a date certain time determined by the Court. The Plaintiff would further move, pursuant to Rule 37(c), other such relief including a reasonable attorney's fee caused by the Defendant's continued failure to timely respond to Plaintiff discovery requests, and other relief the court deems appropriate.

        THE PLAINTIFF,
        KERIN CARMODY

BY: _____
        RICHARD H. GREENE, (ct.08905)
        431 HOWE AVENUE
        P.O. BOX 2042 HUNTINGTON STATION
        SHELTON, CT  06484
        (203) 924 - 9361

## CERTIFICATION

This is to certify that a copy of the Plaintiff's Motion to Compel has been mailed on this date, June 01, 2004, postage prepaid, to all counsel and pro se parties of record:

Barry Beletsky, Esq.
David Baker, Esq.
Ricco & Beletsky, LLC
310 Main Street, Suite 2B
East Haven, CT  06512

_____
RICHARD H. GREENE

EXHIBIT "A"

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Kerin Carmody
    Plaintiff
                                                                                                CIVIL ACTION NO.
VS                                                                 303CV00456 (JBA)

Kohl's Department Stores, Inc.
    Defendant                                                August 25, 2003

## PLAINTIFF'S INTERROGATORIES

The undersigned, on behalf of the Plaintiff, Kerin Carmody, pursuant to Rule 26 and 33 of the Federal Rules of Civil Procedure, hereby propounds the following interrogatories to be answered by the Defendant, Kohl's Department Stores, Inc. under oath, within thirty (30) days of the service thereof insofar as the disclosure sought will be of assistance in the prosecution of this action and can be provided by the Defendant with substantially greater facility than could otherwise be obtained.

**Definitions-**

In preparing your responses to the interrogatories set forth herein, the following definitions should control unless indicated otherwise by the context:
Local Rule of Civil Procedure 26a is hereby incorporated by reference.

*"Communication"* means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

*"Document"* is defined to be synonymous in meaning and equal in-scope to the usage of this term in Federal Rules of Civil Procedure 34(a). A draft or nonidentical copy is a separate document within the meaning of this term.

*"Identify (with respect to persons)"*. When referring to a person, to 'identify' means to provide, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

*"Identify (with respect to documents)*. When referring to documents, to 'identify' means to provide, to the extent known, information about the (i) type of document; (ii) its general subject matter; (iii) the date of the document; and (iv) author(s), addressee(s) and recipient(s).

1

(7) State whether it is your business practice to prepare, or obtain from your employees, any documentation or a written report of the circumstances surrounding injuries sustained by person(s) on the subject premises.

ANSWER: yes

(8) State whether it is your business practice to prepare, or obtain from your customers witnessing an injury, any documentation or a written report of the circumstances surrounding injuries sustained by person(s) on the subject premises.

ANSWER: yes

(9) State whether any documentation, communication or written report of the incident described in the complaint was prepared by you or your employees in the regular course of business.

ANSWER: yes

(10) Please identify any documentation, communication, statement or report concerning the facts of the occurrence which is the subject of the plaintiff's complaint on file herein.

ANSWER: Report dated 5/26/01; Statement of plaintiff dated 11/13/01. Also see report on slip resistance of tile dated 3/5/03.

(11) State whether any warnings or caution signs or barriers were erected at or near the scene of the incident at the time the plaintiff claims to have been injured.

ANSWER: No

(12) If the answer to the previous interrogatory (# 11) is in the affirmative, please identify:
(a) the name, address, and employer of the person who erected the warning or caution sign(s) or barrier(s);

ANSWER: Not applicable

(b) the name, address, and employer of the person who instructed the person to erect the warning or caution sign(s) or barrier(s);

ANSWER:

4

EXHIBIT "B"

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Kerin Carmody
  Plaintiff

VS

Kohl's Department Stores, Inc.
  Defendant

CIVIL ACTION NO.
303CV00456 (JBA)

August 25, 2003

### Plaintiff's First Request For Production of Documents

In accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff, Kerin Carmody, hereby requests Defendant, Kohl's Department Stores, Inc., to produce the following documents at the Law Office of Richard H. Greene, 431 Howe Avenue, Shelton, Connecticut 06484 within thirty (30) days hereof.

**Definitions-**
The terms "*you*", "*your*" or "*Defendant*" means the Defendant, Kohl's Department Stores, Inc.

 The term "*document*" means any written, recorded, or pictorial presentation, however produced or reproduced, including, but not limited to, contracts, memoranda, letters, publications, correspondence, reports, financial calculations, proposals, offers, telegrams, handbooks, invoices, receipts, bills, checks, ledgers, journals, tables, forms, graphs, logs, diaries, brochures, pamphlets, instruction manuals, work papers, accounts, calendars, data compilations, computer inputs and outputs, photographs, diagrams, teletype, telefax, tape recordings, transcripts, meetings or conversations, and all other writings and recordings in the possession, custody or control of the party to whom this request is directed or the party's agents, representatives, or attorneys, unless privileged. "*Document*" includes the original and all drafts and copies which differ in any respect from the original.

 If you deem ay document otherwise required to be produced in response to this Request to be privileged, you shall, nevertheless, identify the same, stating: (i) the author and, if different, its signer or signers and the date and place of its preparation; (ii) the identification of each person who either sent or received the original or any copy thereof; and (iii) the basis upon which such privilege is claimed.

 This is a continuing request and requires further and supplemental production by you as you acquire additional documents between the time of the initial production hereunder and the time of hearing and trial of this action.