UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Kerin Carmody
    Plaintiff

VS

Kohl's Department Stores, Inc.
    Defendant

Civil Action No.
303CV00456 (MRK)

June 18, 2004

## MEMORANDUM OF LAW IN OBJECTION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The Plaintiff, Kerin Carmody, by counsel, in accordance with local rule and F.R.C.P. 56(c) requests this court deny the Defendant, Kohl's Department Stores, Inc., Motion for Summary Judgment dated April 26, 2004 for the reason that there are issues of material fact warranting a trial on the Plaintiff's underlying negligence claims.

**STATEMENT OF FACTS:**

This is a two count negligence complaint alleging that the Defendant, its agents, servants and employees, on May 26, 2001, negligently and carelessly committed actions and/or omissions with respect to a slippery and dangerous front entranceway floor resulting in injuries to the Plaintiff. Plaintiff seeking monetary relief for reimbursement of medical costs and expenses, damages for pain and suffering alleging that the Defendant negligently and carelessly

a.      maintained, kept and controlled the front area of the subject premises;
b.      permitted said area to remain slippery/dangerous for a prolonged period of time;
c.      failed to clean or maintain or inspect the front entrance area;
d.      failed to warn business invitees entering the front premises of the slippery and dangerous condition of the front entrance;
e.      failed to erect a barrier or other protective devices or signs at or near the slippery or dangerous area.

The Plaintiff also alleges respondent superior negligence liability claims.

ORAL ARGUMENT REQUESTED

1

The Defendant denies Plaintiff's claims of negligence in maintaining, controlling and cleaning the front floor area, its failure to inspect or warn customers of the slippery and dangerous condition of the floor. The Defendant also denies Plaintiff's injuries, damages and other losses.

**LAW & ARGUMENT**

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits ... show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(C). The court may grant a summary judgment only if there is no genuine issue as to any material fact. Anderson v. Liberty Lobby Inc.,477 U.S. 242, 260, 106 S.Ct 2505, 2511, 91 L.Ed 2d 202 (1986). The burden rests on the moving party to demonstrate the lack of an issue of material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). To defeat a motion for summary judgment, Rule 56(C) requires the nonmovant to set forth specific facts sufficient to establish that there is a genuine issue for trial.

The record must be viewed in the light most favorable to the party opposing the motion. United States v. Diebold, Inc., 369 U.S. 654, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); Mingachos v. CBS, Inc., 196 Conn, 91, 111, 491 A.2d. 368 (1985). The evidence must be such that, if introduced at trial would suffice to prevent a directed verdict against the nonmovant. Hibernia National Bank v. Carner, 997 F.2d 94, 98 (5th Cir. 1993); United Oil Co., Inc., v. Urban Redevelopment Commission, 158 Conn. 364, 380, 260 A.2d. 596, 605 (1969); Batick v. Seymour, 186 Conn. 632 647, 443 A.2d 471, 478 (1982). The function of the trial court is not

to decide the issues of material fact but to determine whether any such issues exist. Telesco v. Telesco,187 Conn. 715 718, 447 A.2d. 752 (1982). Summary judgment is not appropriate for cases of a complex nature, which often need the full exploration of a trial. United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 375, 260 A.2d 596 (1969).

"Summary judgment is ill-adapted to negligence cases, since the conclusion of negligence is normally one of fact." Velardi v. Ryder Truck Rental Inc., 178 Conn. 371, 374 (1979). To recover for a breach of duty owed to a business invitee, the defendant must have actual or constructive notice of the presence of the specific unsafe condition causing injury. Fuller v. First National Supermarkets, Inc., 38 Conn. App. 299, 301, 661 A. 2d 110 (1995). If, however, the plaintiff claims that the alleged defect was caused by the employees of the defendant, then the plaintiff need not prove notice, as in these types of cases, the defendant is deemed to have actual notice of a dangerous condition. Tuite v. Stop & Shop Companies, Inc., 45 Conn. App. 305, 308-309, 696 A. 2d 363 (1997).

In this present matter the Defendant's Motion for Summary Judgment must be denied. This motion focuses on the length of time water was on the floor and the contention of a lack of notice of the specific defect causing injury. The failure of the Defendant to maintain and control the premises, of its employees to be familiar or implement store floor care policies, to make inspections or warn customers are issues of material fact reserved for the trier of fact.

I.  **THE CASE OF TUITE V. STOP & SHOP IS FACTUALLY SIMILAR TO THIS MATTER.**

The Connecticut Appellate Court in the case of Tuite v. Stop & Shop Companies, Inc., 45 Conn. App. 305, 696 A. 2d 363 (1997), is a case factually similar to this matter. Tuite

3

involved a customer fall at a supermarket due to the accumulation of water and petals on the floor of the store. The plaintiff claimed that the defendant breached its duty of care when its employees created the dangerous condition that caused her injury. The defendant claimed that the trial court improperly failed to instruct the jury that the plaintiff was required to prove that the defendant had actual or constructive notice of the specific defect and that the defendant also had time to remedy the defect. The appellate court disagreed noting that a plaintiff does not have to prove that a defendant had actual or constructive notice of a dangerous condition when the plaintiff claims that the defendant's employees created the conditions. Tuite, supra @ p.308; citing Fuller v. First National Supermarket Inc., 38 Conn. App. 299, 661 A. 2d 110 (1995). "Mrs. Tuite's claims are not based upon the presence of the accumulation of water and petals alone, *but upon the dangerous conditions created by failing to take the necessary measures to maintain the florist department in a reasonably safe condition and by allowing the dangerous condition to occur*". Id. @ p.309 (emphasis added).

In this present matter the Plaintiff contends that the employees, agents and servants of the Defendant allowed and permitted a slippery and dangerous condition to occur and exist for a prolonged period. Kohl's has the affirmative duty to seek out and correct foreseeable risk and dangers such as water accumulation at its entrance during a holiday sale when it was raining. Ms. Carmody and other customers have indicated that it was raining steadily on the day of Plaintiff's injury (EXH A-C); the attached weather report also notes rain (EXH D). If the Defendant's Incident Report (EXH E) is accurate Ms. Carmody's fall happened at 1:25pm, several hours after the store was opened for this Memorial Day Sale (EXH F, p.52-3). The Defendant's Incident Report notes Plaintiff's shoes were wet and that weather conditions were

4

rainy (EXH E). There is evidence there was water on the floor at the site of injury immediately after Ms. Carmody's fall (EXH B-C) including the observation of wet shoes (EXH E). The testimony of Jerri Thorton, a cashier working on May 26, 2001, and Barry Coleman, the store manager, indicate the Defendant had notice it was raining and that it was this Kohl's store policy that warning cones are placed out "as soon as it begins to rain" (EXH F, p.18, 48; EXH G, p.10-11; EXH H, p. 39) at this entrance in the exact location of Ms. Carmody's fall. These warning cones and a mop are located at the front entrance (EXH F, p.13-14, EXH G, p.38). The Defendant's pictures taken by the store manager shortly after Plaintiff's injury on May 26, 2001 show no warning cones out (EXH. I). The Defendant's cashiers, at registers steps from where the Plaintiff fell, failed to act reasonably in allowing this condition to occur and in the failure of the Defendant to take any action to address this known dangerous condition and area that resulted in Plaintiff's injuries.

In <u>Tuite</u> the employee causing water to accumulate on the floor was reprimanded by the store manager. In this case Kohl's store manager was the employee responsible for the allowance of the water accumulation and the lack of warnings to customers; there is no procedure for notifying the head of risk management for Kohl's of negligence by this store manager (EXH F, p.72-73). As in <u>Tuite</u> the failure to make inspections, maintain, keep clean, and/or warn its customers created a condition which causing injury to the Plaintiff.

## II.  THE LACK OF MAINTENANCE AND CONTROL CAUSED PLAINTIFF'S INJURIES.

### a.  The Defendant did not clean, maintain or control the premises.

In this present matter, the Plaintiff has claimed (Pl. Complaint 6a.,b.) that the defective

5

and dangerous condition causing injury to the Plaintiff, to wit a slippery floor, was due to the negligence of the Defendant, its agents, servants and employees at the Trumbull facility in failing to maintain, keep clean and control the front floor area during the Memorial Day Sale on May 26, 2001. The Defendant Corporation must act [reasonably] through its employees, agents and servants. It is the responsibility of the Defendant to establish and instruct its employees regarding maintenance inspection and warning policies and ensure its employees read, are familiar with and implement established store policies regarding customer safety.

The testimony of Mr. Coleman was that the store would have been open for this sale on May 26, 2001 between 6:00 to 7:00am (EXH F, p. 52-53). The Incident Report indicates the time of Plaintiff's fall at 1:25pm, a fall occurring nearly six hours after the store opened, on a day of steady rain (EXH A-C, EXH E) which began May 21, 2001 and ended May 28, 2001 (EXH D). At the time of Plaintiff's injury in 2001 Mr. Coleman alone was responsible for inspection and maintenance/floor care; "from soup to nuts… everything comes under my realm of responsibility, my title" (EXH F, p.6, 19).

Yet Mr. Coleman testified he is not familiar with the specific requirements of the Kohl's Floor Care and Maintenance Manual (EXH F, p.9-10), or Kohl's procedure for spills (EXH F, p.14); he never read the Manual (EXH F, p.10). There are paper towels and windex stationed throughout the store (EXH F, p.13-15) and that there is a mop as well as warning cones at the front entrance closet. Store floors are cleaned after the store closes, three times a week with alternate night dust mopping. (EXH F, p.12-15). Mr. Coleman also testified that the floor may require additional mopping for accumulations of ice and "melted snow" (commonly known as water) in addition to placement of warning cones (EXH F, p.13-14). Despite the

stated store policy to place warning cones out as soon as it begins to rain Mr. Coleman indicated on a typical day, while customers are present, the floors are not generally maintained (EXH F, p.17).

Cashier Jerri Thorton, who worked at this Kohl's front cash-register area, indicated Mr. Coleman had discontinued active inspections for hazards shortly after the store opened (EXH G, p.11). Ms. Thorton testified to her knowledge cashiers had no duty to maintain, inspect or warn customers of water accumulation or other hazards (EXH G, p. 30). Mr. Coleman, who was present during Ms. Thorton's deposition, concurred with this understanding (EXH F, p.38, 52, 84). Mr. Coleman characterized any response by an employee as a "common courtesy" and not store policy (EXH F, p.83-84). The Defendant Kohl's "caveat emptor" maintenance policy at its Trumbull facility is a breach of its duty owed to its customers. The failure to inspect, maintain, clean and control the front floor area, during a holiday sale, when it is raining is unreasonable and negligent.

**b.    The lack of employee training and responsibility is unreasonable and negligent**

Despite having a holiday sale to entice customers to the Defendant's store and generate foot traffic, including patrons wet from rain, Mr. Coleman's testimony is that only during the Christmas season is extra staff employed (EXH F. p.80). Ms. Thorton testified to having no training (EXH G. p.15 - 17) or responsibility for customer safety (EXH F. p.38, 52, 84). The Defendant owes its business invitees a duty to keep its premises in a safe condition. Gulycz v. Stop & Shop Companies, 29, Conn. App. 519, 521, 615 A. 2d 1087 (1992), cert. denied, 224 Conn. 923, 618 A.2d 527 (1992). Ms. Thorton, the sole cashier who attempted to assist the Plaintiff after her fall, misidentified the proper store code for an emergency, code blue, several

7

times during her deposition (EXH G, p.24-25, 30, 42). Customer Nancy Sivak indicated Ms. Thorton had paged "code emergency" on May 26, 2001 without a mention of the location of the incident, resulting in a delay in Mr. Coleman arriving at the scene following Plaintiff's fall.

Despite store policy and rain there were no warning cones placed at this front area, even after Ms. Carmody's fall (EXH B, I). In reviewing the Kohl's Incident Report this form is incomplete as to witnesses information including store employee accounts, the existence of the videotape and the type and color of the substance on the floor (EXH E). This incomplete report is further evidence of the lack of training of Kohl's "responsible" employee(s).

As rainfall began May 21, 2001 (EXH D), all employees, including the store manager, would have had notice of rain as they arrived and left work. There were several cashiers stationed next to this front glass entranceway who would have observed a rain shower begin and who should have taken some effort to alert the store manager or put out the warning cones. Mr. Coleman's indicated any action by cashiers at Kohl's in addressing water accumulation at the front entrance was "common courtesy" practice rather than established store policy, including the practice of the placement of warning cones (EXH.F, p.83-84).

Cashiers at the front entrance should have more than an informal "common courtesy" guide to customer safety. If these front entrance employees had an affirmative duty to act, customer injuries can be prevented. The Defendant's "common courtesy" inspection, maintenance and warning policies is insufficient and failed in this instance. The lack of instruction, training or responsibility of the Defendant employees, as well as an established policy for dealing with this known hazardous area, is unreasonable and a breach of the duty owed to its customers.

## II. THE DEFENDANT'S ARGUMENT OF NOTICE IS MISPLACED

**a.     The Defendant had actual notice of the slippery and dangerous front floor area.**

The Defendant in its motion for summary judgment offer as their basis for this court to consider granting this motion that Plaintiff cannot prove a slippery and dangerous condition existing prior or at the time of her injury. Also claimed is the Defendant's lack of notice of this specific defect at a time sufficient to allow the Defendant to address the defect.

The Defendant cites to Fuller v. 1ST National Supermarkets Inc., 38 Conn. App. 299, 661 A. 2d 110 (1995) in support of its claim that the Plaintiff could not prove notice to the Defendant of the specific condition had existed for a long enough period for the condition to come to the defendant's attention. The Fuller case involved a fall by a customer due to pricing stickers on the floor of the Defendant's store. The Fuller Court noted " [If] the Plaintiff… alleges an affirmative act of negligence, i.e., that the defendant's conduct created the unsafe condition, proof of notice is not necessary". Id. @ p.301; citing Holody v. First National Supermarkets Inc., 18 Conn. App. 553, 556, 559 A.2d 723 (1989). If that duty was breached, and if the defendant had actual or constructive notice of the defect within a reasonable time to remedy it, the plaintiff would be entitled to recover damages for his injuries. Morris v. King Cole Stores, Inc., 132 Conn. 489, 492, 45 A.2d 710 (1946).

The Defendant points to the testimony of the Plaintiff that she did not notice any water on the floor until after she fell. (Def. Brief, p.12). The Plaintiff and others have testified that there was water on the floor area where Plaintiff fell (EXH A-C). Water was noted by Mr. Coleman as the cause of injury in his incident report (EXH E). This water is evidence that the thirty-five foot rug at the entrance was water-soaked and not drying shoes prior to a person

reaching the tile. Also, as the Plaintiff never went through this entrance before (EXH A), and, as the Defendant's cashier, without warnings or inspections of an area known to be slippery, suggested Ms. Carmody go out to her vehicle and retrieve her Kohl's credit card in her car rather than using one of the cards in her possession.

The pictures of this front area taken by Mr. Coleman on May 26, 2001 (EXH I) show displays obstructing the floor view of incoming customers and a reduction of the rug area for use by [wet] customers. These pictures show a floor with a mirror-like finish with the ceiling lights reflecting in the floor. Most importantly, these pictures show no warning cones out despite the incident report indicating "rainny" weather conditions. Unknown to Ms. Carmody and the other customers is that Kohl's tile floor is well below the minimum friction-factor industry standard (EXH K, p. 6). It is arguable the Defendant had actual notice over a year before Ms. Carmody's injury that its floor was unreasonably slippery and dangerous.

**b.     The Defendant had constructive notice of the slippery and dangerous front floor.**

The controlling question in deciding whether the defendants had constructive notice of [a] defective condition is whether the condition existed for a length of time that the defendants should, in the exercise of reasonable care, have discovered it in time to remedy it <u>Long v. Savin Rock Amusement Co.</u>, 141 Conn. 150, 153, 104 A.2d 221 (1954). There is an abundance of evidence that Kohl's had notice of this specific defect and should have, per its store policy, put its warning cones in place at the front entrance prior to Plaintiff's injury. Per Mr. Coleman this store would have opened by 7:00am on May 26, 2001 (EXH.F, p.52-53). The Plaintiff and customers (EXH A-C) indicate rain on May 26, 2001 and for days prior. Kohl employees

10

recalled rain showers on May 26, 2001 (EXH F, p.32, 49 EXH G, p.34) and that normal procedure is to place warning cones out immediately (EXH. F, p.18, 48; EXH G p.10-11). The Incident report indicates Plaintiff fell nearly six (6) hours after the store opened where warning cones are placed when it is raining. Ms. Carmody and others have testified to water on the front entrance floor and the incident report noted that Plaintiff's shoes were wet. The source of water is not disputed, rainwater.

The Defendant's argument that this water was not present before the Plaintiff's injury but was present afterwards (Def. Brief p.10-11) is illogical and unavailing based on the testimony and evidence. This is the only entrance for customers to go directly into the store from outside and the only entrance where warning cones are placed (EXH F, p.18, 48, 79, EXH G p.10-11, EXH H p.41-43). Given these facts actual, as well as constructive notice of this slippery and dangerous area, especially on May 26, 2001 prior to Plaintiff's injury, has been proven and warrants the denial of this summary judgment.

**c.     Arrie Cutler v. Kohl's Department Store is persuasive authority in this matter.**

The New Haven Superior Court denied this Defendant's prior motion for summary judgment in case of Arrie Cutler v. Kohl's Department Stores Inc., CV02-0467383 S (June 27, 2003) (Robinson-Thomas, J.); factually identical to this present matter. This same Defendant filed an identical motion for summary judgment for a slip and fall at the front entrance of the Defendant's Hamden store claiming that the lack of notice of the specific defect leading to Plaintiff injury warranted a granting their summary judgment. The Court denied the Defendant's Motion for Summary Judgment based on the finding that there was an issue of material fact regarding notice and negligence of the Defendants employees.

11

Both Arrie Cutler and Kerin Carmody have alleged a dangerous condition was created by the defendant's employees in its failure to inspect for the accumulation of water at the front entrance. Even if the Plaintiff's allegation that the failure to inspect the premises does not constitute the creation of a defect that Kohl's employees created, there is ample circumstantial evidence which the trier of fact could infer that Kohl's had constructive notice of the defect. Kurti v. Becker, 54 Conn. App 335, 338 (1999).

There is an abundance of evidence the trier of fact could find in support of an inference, the probability, that Kohl's had notice of the slipperiness of the floor and of water accumulation at this store entrance during days of rain. The Plaintiff and others have identified the substance on the floor as "water" following Plaintiff's injury. That observation in conjunction with the Plaintiff's testimony, as well as the statement of fellow customers (EXH A-C) that: 1) The store had been opened for several hours during a Memorial Day Sale prior to Plaintiff's injury; 2) it was raining outside on the day of the alleged incident and for days prior, and 3) that the floor was wet in the area where Plaintiff fell, gives rise to an inference that the defect had existed for a long enough period of time for the Defendant to have had actual or constructive notice of said defect and to act to address said slippery and dangerous condition(s), warranting the denial of the summary judgment.

### III. THE FAILURE TO PROVIDE ANY WARNING CAUSED PLAINTIFF'S INJURY

The Plaintiff has claimed that the failure of the Defendant to warn or erect a barrier near this slippery and dangerous floor was negligent and causative of Plaintiff's injuries (Pl. Complaint, para. 6d.,6e.). It is undisputed per Mr. Coleman testimony that warning cones

should be placed as soon as it begins to rain (EXH F, p.18). The Defendant does not warn its customers by its storewide pager system or by placement of a barrier(s) at the dangerous area in addition to the placement of warning cones (EXH F, p.18, 48; EXH G, p.10).

There were many things that Kohl's could have done to prevent injury in this instance. There is no instruction to customers to use the mall entrance to the store (EXH F, p.48; EXH G p. 48-49) nor is there placement of additional rugs or drying of rugs despite availability of a rug drying machine (EXH F, p.66). If Kohl's had taken any action in this matter its customers including the Plaintiff, would have been warned regarding this dangerous area. Mr. Coleman, in reviewing the pictures he took following this incident, acknowledges that the one established response, the placement of warning cones, was not done at the time of the Plaintiff's fall (EXH F, p.37). In her affidavit customer Nancy Sivak, who frequently shops at this Kohl's Store since it opened, noted no warning cones out after Plaintiff's injury (EXH B). Ms. Sivak also noted that prior to Ms. Carmody's injury she had never observed warning cones at the front entrance. By the Defendant's own testimony and evidence as well as Plaintiff's and customer testimony, the failure of Kohl's employees to place warning cones at the front entrance when raining is evidence of negligence which proximately led to Plaintiff's injuries.

## IV. THE DEFENDANT'S FAILURE TO INSPECT CAUSED PLAINTIFF'S INJURY

The Plaintiff has claimed that the Defendant's failure to inspect its premises for hazards during normal business hours resulted in a slippery and dangerous condition in the front floor area causing injury (Pl. Complaint, para. 6c). The duty of inspection on a business owner is well established. In the Connecticut Supreme Court case of <u>Cruz v. Drezek</u> 175 Conn. 230,

13

234, 397 A.2d 1335 (1978) the plaintiff had proven that there did exist at the time of this accident a specific defective condition ... that the specific defective condition in fact caused [Plaintiff's] fall and that the specific condition had existed for a sufficient length of time so as to have afforded the defendants an opportunity on a reasonable inspection to discover and remedy it.

Recently in the New Haven Superior Court in the case of <u>Cooperstock v. Scarpellino</u>, 02-CBAR-1488; Superior Court, Judicial District of New Haven at New Haven, No. CV98-0417730 (July 18, 2001) (Arnold, J.), the plaintiff alleged that the dangerous condition was created by the failure of the defendant's agents to inspect the premises. The plaintiff testified she slipped on something wet and the defendant testified he noticed a dark slippery substance on the bottom of the plaintiff's foot and on the floor where she fell. In denying the motion for summary judgment the court noted a trier of fact could find that the defendant, in the exercise of due care, should have been aware of the existence of the substance and should have taken steps to remedy the condition.

Because the Plaintiff has alleged that the defective condition was created by the Defendant's employees, she does not need to prove the Defendant's actual or constructive notice of the alleged dangerous condition. <u>Tuite</u>, supra @ p.308. At the time of the Plaintiff's injury Mr. Coleman was the employee who had the duty to inspect/warn. (EXH F, p.6). Ms. Thorton indicated that Mr. Coleman discontinued inspections shortly after the store opened (EXH G, p.11). This failure to inspect, especially on a day/week it was raining, resulted in wetness at the front entrance rug and floor, which wetness was noted in the Incident Report, written by Mr. Coleman, as causing Plaintiff's fall.

Even if this Court concludes that Ms. Carmody's allegation that Kohl's employees failed to inspect the premises does not constitute the creation of a defect by its employees, there is ample circumstantial evidence from which the trier of fact could infer that upon reasonable inspection the Defendant had constructive notice of the defect. Kurti v. Becker, 54 Conn. App 335, 338 (1999). What determines a reasonable length of time is to be determined in light of the particular circumstances. Long v. Savin Rock Amusement Co., 141 Conn. 150, 153, 104 A.2d 221 (1954).

In the instant case, the plaintiff and other customers identified "water" on the store floor where Ms. Carmody fell, during a long period of rain. This testimony considered in conjunction with evidence: 1) that it was raining outside on the day of the alleged incident (EXH A-E) and, 2) that the floor was wet in the area where Ms. Carmody fell, gives rise to an inference that the defect had existed for a long enough period of time for this Defendant to have had actual or constructive notice of the defect. As a trier of fact could find such an inference, Kohl's has not satisfied its burden of showing the non-existence of any genuine material fact. This failure to inspect combined with a Kohl's cashier suggesting the Plaintiff go outside and get her new Kohl's charge card began the sequence of events which led to Ms. Carmody's fall and injuries. The Defendant had a duty to inspect to ensure its entranceway is safe or that customers are aware that the entrance is slippery and dangerous. This situation demands more that a "common courtesy" safety and inspection policy (EXH F, p.83-84)

## V.    SAFETY EXPERT OPINION SUPPORTS PLAINTIFF'S CLAIMS.

Mr. Richard Twomey, of Twomey Safety Engineering, conducted inspection and testing of the Defendant's floor on February 06, 2004. Mr. Twomey noted per the Connecticut basic

Building Code, Section 1005.4, all walking surfaces, including the floors…shall have a slip resistant surface. There is an industry consensus a floor shall have a static coefficient of friction between .5 - .6. Kohl's Maintenance Manual, Section I, lists "Porcelain Floor Care". Most glazed tile is not appropriate in heavy pedestrian areas because of low anti-slip coefficient of friction values. (EXH K, p.6).

Testing of the Kohl's floor indicated even in dry conditions this floor was very slippery. This type of tile has a static coefficient of friction below 0.5, the minimum standard for a safe walking surface. A slipmeter test was conducted which indicated a dangerous coefficient level of 0.35 for a rubber sole on this wet tile (EXH K, p. 6). Mr. Twomey's opinion was this type of tile is very slippery and inappropriate for a high traffic pedestrian area, such as the area where Kerin fell. Based on his inspection and testing of the floor where the Plaintiff was injured, Mr. Twomey concluded as the immediate cause of Plaintiff's fall to be the ceramic floor tile's low static coefficient of friction, the floor tile accumulation of rainwater tracked in from the outside and the soles of Plaintiff's sneakers staying wet from water picked up from the inside carpet, despite her attempts at drying her sneakers on the front entrance rug (EXH K, p. 6).

Requested by Mr. Twomey but unknown at the time of his inspection were prior similar incidents. Per the Court order of April 19, 2004, the Defendant has disclosed nineteen incidents at Kohl's stores in Fairfield County and its Hamden store; approximately half of the stores in Connecticut. Of these prior incidents a half dozen concern injuries similar or identical to Ms. Carmody's fall. Further, despite representations there were no other incidents at this Kohl's Store, the undisclosed identical matter of <u>Elaine Fortune v. Kohl's Department Store,</u> recently transferred to Federal District Court, would indicate there may be other cases.

Mr. Twomey opinion was that the proper standard of care for stores is to have an active slip and fall prevention program. This includes frequent monitoring of floor surfaces to remove any accumulation of water. If Kohl's had met this standard of care, Kerin Carmody would not have fallen on this wet floor. The failure of the Defendant to install a safe floor, to have inspections or warnings or a slip and fall program was, and is, negligent.

## CONCLUSION:

The Defendant's installation of an unreasonably safe floor, in conjunction with its failure, at the time of Plaintiff's fall, to have a slip and fall prevention program allowed the creation of a hazardous front entranceway at the Defendant's Trumbull facility. The displays at the front entrance as well as this floor's water/mirror-like finish prevented the Plaintiff from seeing water on the tile floor near the rug until after her fall. Despite wiping her shoes on the rug and walking on the rug to the tile floor the Plaintiff's shoes were noted to be wet.

This incident was preventable had Kohl's had responsible employees, properly trained, who made reasonable efforts to inspect and redress hazards such as a water–soaked rug and a slippery floor. The cashier who suggested the Plaintiff go outside and retrieve her Kohl's card should have warned her to be careful reentering the store, where the front rug and floor tile meet, especially as the Plaintiff had never used this entrance before. This did not happen since store employees have no duty to maintain, inspect, place out warning cones or warn customers.

It is undisputed that at the time of this incident in 2001 Mr. Coleman, the store manager who alone was responsible for inspections and maintenance at this store testified he did not read the Kohl's Floor care and Maintenance Manual. He did not know what the manual

indicated for spills and was only generally familiar with weekly basic floor care. Mr. Coleman, the sole responsible employee, failed to make any inspections for hazards or, despite established store policy, place any warning cones out on or prior to May 26, 2001, during a holiday sale and when it had been raining for several days. Despite the awareness of rain and the established store policy of placement of warning cones "as soon as it begins to rain", at this one known hazardous area, the pictures taken by this store manager immediately following this incident show no warning cones out on May 26, 2001; even after her fall these warning cones were not immediately placed. The foregoing supports the contention and probability that the Defendant had notice, actual and constructive, of this specific condition on May 26, 2001. Given the choice of dangerous flooring material, steady and consistent rain on May 26, 2001 and days prior to Plaintiff's fall, in conjunction with the failure of Kohl's and its employees to have and/or implement a slip and fall prevention program, to inspect, maintain or provide warnings in this known hazardous area, resulted in Plaintiff's fall and injuries on May 26, 2001.

WHEREFORE, based on the foregoing the Plaintiff would respectfully request this court deny the Defendant's Motion for Summary Judgment dated April 26, 2004.

                                    THE PLAINTIFF,
                                    KERIN CARMODY

                            BY: _____
                                    RICHARD H. GREENE, (ct.08905)
                                    431 HOWE AVENUE
                                    P.O. BOX 2042 HUNTINGTON STATION
                                    SHELTON, CT 06484
                                    (203) 924-9361 phone
                                    (203) 922-1636 fax

## CERTIFICATION

This is to certify that a copy of the foregoing Objection to the Defendant's Motion for Summary Judgment, was mailed on this date, June 18, 2004 postage prepaid, to all counsel and pro se parties of record:

Barry Beletsky, Esq.,
David Baker, Esq.
Ricco & Beletsky
310 Main Street, Suite 2B
East Haven, CT  06512

_____
Richard H. Greene