

FILED

JUL 15   [illegible]   '04

U.S. [illegible] COURT
NEW HAVEN, CONN.

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Kerin Carmody<br>    Plaintiff | : | |
| | : | Civil Action No. |
| VS | : | 303CV00456 (MRK) |
| | : | |
| Kohl's Department Stores, Inc. | : | |
|     Defendant | : | July 14, 2004 |

### PLAINTIFF'S REVISED LOCAL RULE 56(a)(2) STATEMENT

The Plaintiff, Kerin Carmody, in the above-captioned matter, pursuant to Local Rule 56(a)(2) and court order of June 23, 2004, respectfully provides this statement relating to the Defendant's Revised Local Rule 56(a)(1) statement dated June 28, 2004.

1. Disputed.

2. Disputed.

3. Disputed.

4. Disputed.

5. Disputed.

6. Disputed.

7. Disputed.

## II.     DISPUTED ISSUES OF MATERIAL FACT:

1.      It is not disputed that the plaintiff in her deposition stated that she did not see any water on the "tile" floor prior to her fall. (Def. Local Rule 56(a)(1) Statement, paragraph 1.; Pl.'s deposition at p.22 at paragraph 20-21). It is disputed as to the time period the Plaintiff first noticed water on the floor causing her to fall. The Plaintiff testified that she entered the store through the front entrance and wiped her feet on a water-soaked rug. (Pl.'s affidavit at paragraph 8; Pl.'s deposition at page 22 paragraph 7). Further, the Plaintiff testified she noticed water on the floor when she opened her eyes 20-30 minutes after she fell (Pl.'s deposition at page 26 paragraph 12-14). The deposition of Jerri Thorton indicated that the Plaintiff was up off the floor in a couple of minutes (J. Thorton deposition at page 29, paragraph 8-9).

2.      It is disputed that the Plaintiff does not know whether there was water present prior to the time of her fall. The affidavit of the Plaintiff (Pl.'s affidavit at paragraph 8) and her deposition (Pl.'s deposition at p.22 at paragraph 7) indicate Ms. Carmody observed a water-soaked rug at the front entrance prior to her fall.

3.      It is disputed that the Plaintiff never actually saw any water on the floor until 20 to 30 minutes after her fall. The Plaintiff testified that she had wiped her feet on a water soaked rug at the front entrance prior to her fall and that there was water around her while she lay on the floor. (Pl.'s deposition at page 24, paragraph 3-5; Pl.'s affidavit at paragraph 12). The affidavits of customers Nancy Sivak (at paragraph 6) and Cindy Dion (at paragraph 5) indicate water was seen on the floor where Ms. Carmody lay immediately after her fall.

2

4. It is disputed that the Plaintiff does not know what caused her to fall. Plaintiff states in her deposition as well as her affidavit that she knew it was water she slipped on (Pl.'s deposition at page 26, paragraph 20; Pl.'s affidavit at paragraph 8 and 12). In their affidavits customers Nancy Sivak (N. Sivak affidavit at paragraph 3-4) and Cynthia Dion (C. Dion affidavit at paragraph 2) both mentioned observing rain on May 26, 2001; and for days prior to May 26, 2001 (Pl.'s affidavit at paragraph 3; U.S. Department of Commerce Weather Report (Hourly Precipitation Schedule). Both customers observed water on the floor immediately after the Plaintiff's fall (N. Sivak affidavit at paragraph 6 and C. Dion affidavit at paragraph 5). The Defendant's incident report (attached) also notes rainy weather conditions and that Ms. Carmody's shoes were wet despite wiping them on the front area rug.

5. It is disputed that there is no evidence that the front entrance floor was wet until well after the Plaintiff had fallen. As previously indicated in Kerin Carmody's affidavit (Pl.'s affidavit at paragraph 12), Nancy Sivak affidavit (N. Sivak affidavit at paragraph 6) and Cindy Dion's affidavit (C. Dion affidavit at paragraph 5) the front entrance tile floor had water on it where the Plaintiff fell. The Plaintiff also testified to observing a water-soaked front entrance rug (Pl.'s affidavit, paragraph 8). The Defendant's incident report noted rainy weather conditions and that the Plaintiff's shoes were wet; it was standard policy to place warning cones at the front entrance as soon as it begins to rain. (J. Thorton deposition at page10 at paragraph 15-20; deposition of Barry Coleman at page 13, paragraph 24) which was not done in this instance (N. Sivak affidavit at paragraph 6, 12; C. Dion affidavit at paragraph 6).

3

6.     It is disputed that there is no evidence that the floor was wet, or slippery, or dangerous, prior to the time that the Plaintiff fell. As previously indicated in Plaintiff's Affidavit at paragraph 12, Nancy Sivak Affidavit at paragraph 6, Cindy Dion Affidavit at paragraph 5 all indicate that the front entrance tile floor had water, the Plaintiff also testified to observing a water-soaked front entrance rug (Pl.'s affidavit at paragraph 8). Further, the Defendant's incident report noted rainy weather conditions and that the Plaintiff's shoes were wet. Finally, Twomey Safety Engineering slipmeter testing of the friction co-efficient of Kohl's floor indicates it is well below the minimum industry standard of .5, with a test result of .35 for rubber sole shoes (purchased by the Plaintiff at this store) on this floor when wet.

7.     It is disputed regarding Defendant's contention that this floor was not in a slippery or dangerous condition "for a prolonged period of time". Expert testing indicates this floor was unreasonably safe at the time it was installed in January 2000 (Pl.'s Interrogatories at page 7, # 23; expert report at page 5, section 6.9 and at page 7, section 9). Plaintiff's claim is further supported by affidavits of Kerin Carmody, Nancy Sivak, Cynthia Dion and U.S. Department of Commerce Weather Report (Hourly Precipitation Schedule), as well as the testimony of the Defendant's employees regarding the failure to inspect the premises or warn customers of the slippery condition of the front entrance floor "as soon as it begins to rain" (deposition of J. Thorton at page10, paragraph 15; deposition of Barry Coleman at page 13, paragraph 24); see also Hople v. Walmart Stores, No. 99-2990 (8th Cir.; July 27, 2000).

4

THE PLAINTIFF,
KERIN CARMODY

BY: _____
RICHARD H. GREENE, CT08905
LAW OFFICE OF RICHARD GREENE
431 HOWE AVENUE
P.O. BOX 2042
SHELTON, CT 06484
Tel: 203-924-9361
Fax: 203-922-1636

## **CERTIFICATION**

This is to certify that a copy of the Local Rule 56 (a)(2) statement was mailed postage prepaid, First Class Mail, on this date, July 15, 2004 , to all counsel and pro se parties of record:

Barry Beletsky, Esq.,
David J. Baker, Esq.
Ricco & Beletsky
310 Main Street, Suite 2B
East Haven, CT  06512

*Richard H. Greene*
Richard H. Greene

STATE OF CONNECTICUT }
} SS.: SHELTON
COUNTY OF FAIRFIELD }

## AFFIDAVIT

I, Kerin Carmody, being first duly sworn, do hereby depose and state the following:

1. I am over the age of eighteen years and believe in the obligations of an oath.

2. I was a patron at Kohl's Department Store in Trumbull Connecticut attending a Memorial Day Sales Event on May 26, 2001.

3. I entered the store in the morning at or around 10:00 a.m. on May 26, 2001 through the mall entrance. I recall it was rainy steadily while driving to this Kohl's Store and was still raining after I left the store. It had been raining several days earlier.

4. After shopping for approximately one hour I went to the cashier at the front entrance to pay for my purchase.

5. The cashier told me I would receive an additional sales discount if I made payment with my Kohl's credit card because it was a sales day, and said she would place my items to the side while I went and got my Kohl's card.

6. My credit card was in my car and I had to leave the store to obtain it.

7. It was still raining when I went outside to my car.

8. I re-entered the store through the front entrance and I wiped my feet on the rug, which was soaked with water.

9. As I passed the store display and stepped off the front carpet onto the tile floor I fell forward and landed hard on my face and right side with my glasses on.

10. When I woke up I was in shock and in a lot of pain.

11. I injured my left knee, right wrist and right shoulder.

12. While on the ground I noticed puddles of water on the floor.

13. There were no warning cones at this entrance to warn of any slippery condition.

14. I was wearing Reebok tennis shoes that I had purchased at Kohl's Department Store Trumbull facility about one and a half weeks earlier.

15. The store manager took a long time to arrive at the scene. He did not take my statement or let me complete an accident report.

16. This manager accused me of faking my fall and he thought I had done this before. The store manager also said there was a video tape from the store's security monitor and there was no need to file an accident report. He refused to give me a business card and wrote his name on a piece of paper and gave it to me.

17. There were other people who witnessed the incident and the store manager did not request their information.

18. There were two witnesses who did give their names to me.

19. When I was able to stand I made my way to the register to make my purchase.

20. I was still in pain and in shock when I left the store without any help from store personnel.

21. I rested at home over the holiday weekend and when I did not feel any better I made an appointment with my primary doctor who referred me to an orthopedic doctor who diagnosed a torn rotator cuff to my right shoulder.

_____
AFFIANT: Kerin Carmody

Subscribed and sworn to before me this 16 th day of June, 2004.

_____
~~Notary Public/ my commission expires~~
Commissioner of the Superior Court

STATE OF CONNECTICUT }
                                 } SS.: TRUMBULL
COUNTY OF FAIRFIELD }

### AFFIDAVIT

I, Nancy Sivak, being first duly sworn, do hereby depose and state the following:

1. I am over the age of eighteen years and believe in the obligations of an oath.

2. I was a patron at Kohl's Department Store in Trumbull Connecticut attending a Memorial Day Sales Event on May 26, 2001.

3. When I entered the store I recall it was raining steady and very heavily; raining hard enough to hear the rain hit the roof inside the store.

4. I recall it was raining hard prior to my going to Kohl's and after I left the store following Ms. Carmody's fall.

5. I had been in the store about ten minutes. I was at the jewelry counter when I glimpsed Ms. Carmody going down at the front entrance, I heard a loud bang as she fell and saw Ms. Carmody face down on the tile floor.

6. I recall Ms. Carmody lying on the floor face down with her glasses on and I saw water on the floor where she fell. There were no warning cones in place at the front entrance at the time Ms. Carmody fell or even after when I left the store approximately an hour later.

7. Several people were gathered around Ms. Carmody. A cashier I would describe as a slender older woman working at the front register ran to help Ms. Carmody; she was flustered and upset. This woman paged "code emergency" but no one came and she had to page it again a few minutes later.

8. I recall asking the jewelry counter person why don't they call for an ambulance as is seemed like it was taking a long time for person paged to respond.

9. The sales person said they couldn't do that, and that they have to go through the manager first. I though that ridiculous as Ms. Carmody was still lying on the floor face down. A gentleman arrived after the second page who helped Ms. Carmody up. I was not asked to provide information or a written statement and left.

10. When I was done shopping about an hour later, I went to the front register to cash out. I had the same cashier that had paged for help for Ms. Carmody. She still seemed quite shaken and happened to be talking about it to another co-worker and said she got scared because when she went over to Ms. Carmody and tried to talk to her Ms. Carmody did not answer her.

11. The next day, Sunday I returned to the store and right where the fall took place there was a large cone that said "caution – wet floor".

12. I have been a frequent shopper at this Kohl's Department Store from the time that this store opened approximately a year prior to Ms. Carmody's fall. Prior to Ms. Carmody's fall I have never observed warning cones at the front entrance when it is raining. After Ms. Carmody's fall I have observed warning cones at the front entrance when it is raining.

AFFIANT: Nancy Sivak

Subscribed and sworn to before me this 15th day of June, 2004.

Notary Public/ my commission expires 2/28/09
Commissioner of the Superior Court

STATE OF CONNECTICUT )
                     ) SS.:
COUNTY OF FAIRFIELD  )

## AFFIDAVIT

I, Cynthia Dion, being first duly sworn, do hereby depose and state the following:

I am over the age of eighteen years and believe in the obligations of an oath.

1. I was a patron at Kohl's Department Store in Trumbull Connecticut attending a Memorial Day Sales Event on May 26, 2001.

2. It is my recollection on this date that it was raining before when I went to this Kohl's Store and after I left the store.

3. I arrived at Kohl's Department Store and entered the store through the store's front entrance. A women who entered the store through this front entrance right before me who was subsequently identified to me as Kerin Carmody.

4. As I entered the store I heard Ms. Carmody go down hard where the rug and tile floor meet. There are displays on the front entrance rug that obstructed my view of Ms. Carmody falling.

5. I distinctly remember seeing some water on the floor where Ms. Carmody fell.

6. I recall thinking it was odd that there were no "caution wet floor" warning cones placed at the front entrance on May 26, 2001 to alert customers.

7. I went over to Ms. Carmody to help. I stayed with her until store personnel arrived.

8. A gentleman did come over approximately 5 to 10 minutes after Ms. Carmody's fall.

9. At this time I was not asked and I did not provide a written statement.

10. I expected I would need to provide a statement and gave my business card to Ms. Carmody then left the area.

_Cynthia Dion_
Cynthia Dion

Subscribed and sworn to before me this 17, day of June, 2004

_Rosemary C Flynt_
Notary Public/ my commission expires 3-31-05
~~Commissioner of the Superior Court~~

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
* * * * * * * * * * * * * *
                           *                    ORIGINAL
KERIN CARMODY,             *
                           *     NO. 303CV0045(JBA)
           Plaintiff       *
                           *     EAST HAVEN CONNECTICUT
    VS.                    *
                           *     AUGUST 20, 2003
KOHL'S DEPARTMENT STORES,  *
                           *     2:00 P.M.
           Defendant       *
                           *
* * * * * * * * * * * * * *
```

DEPOSITION OF KERIN CARMODY

APPEARANCES:

    FOR THE PLAINTIFF:
        RICHARD H. GREENE, ESQ.
           431 Howe Avenue
           Shelton, Connecticut

    FOR THE DEFENDANT:
        RICCIO & BELETSKY
           310 Main Street
           East Haven, Connecticut
        BY:  BARRY BELETSKY, ESQ.

VANESSA ROSE, CERTIFIED COURT REPORTER
(203) 881-9656

22

1  your credit card?
2      A   Absolutely.
3      Q   Absolutely yes?
4      A   Yes.
5      Q   So you came in the entrance door. Did you
6  look at the carpet at that point?
7      A   Yes, and I wiped my feet, which I always
8  do, and the next thing I knew I was off of the carpet
9  and I was face first.
10     Q   What caused you to fall?
11     A   When I woke up, which I was left on the
12 floor for over a half hour, there was water, there
13 were people with umbrellas, and it was slippery and I
14 fell face first.
15     Q   Did you notice it was slippery before you
16 fell?
17     A   Not at the time, no, but when I woke up
18 there was water all around me.
19     Q   How many steps did you take on the tile
20 floor before you slipped?
21     A   Approximately two to three.
22     Q   Did you have any difficulty walking those
23 first two to three steps?
24     A   All I know is that after the two or three
25 steps I was face down in excruciating pain.

24

1  Q   How do you know it was water that caused
2  you to fall?
3  A   Because when I woke up there was water at
4  my feet, there was water at my head, there were
5  people walking in with wet umbrellas.
6  Q   Were there people walking in with you with
7  wet umbrellas?
8  A   No.
9  Q   But people were walking in with wet
10 umbrellas after you woke up?
11 A   Yes, and if we had the tape that I was
12 promised by the manager of the department store we
13 could see that.
14 Q   How long were you on the ground before you
15 woke up?
16 A   I was in shock and I was in and out of
17 consciousness for over a half hour.  There was a
18 nurse taking my pulse.  There were cashiers putting
19 clothes from the racks under my head.  And then we
20 have a witness report saying that they were trying to
21 get me an ambulance and they refused.
22 Q   Was it a half hour after the fall when you
23 first noticed that the floor was wet?
24 A   Whenever it was that I woke up I noticed
25 the floor was wet.

26

1  shoes. And all of my purse had fallen all over the
2  floor and I pulled out the receipt and I said two
3  weeks ago I bought these shoes in your store. And
4  then he just walked away, and he told the cashier to
5  get me out of the store. Nobody helped me to my
6  car. Nobody called an ambulance. Nobody did
7  anything. I have never had a lawsuit against anybody
8  previously. But the way I was treated was barbaric.
9      Q   How long after the fall did you notice that
10 the floor was wet?
11     A   When I woke up.
12     Q   And that was sometime between 20 minutes
13 and a half hour after you fell; is that correct?
14     A   I believe, but considering I had been in
15 and out of consciousness I wasn't looking at my
16 watch.
17     Q   To the best of your knowledge was it
18 between 20 minutes and a half hour that you noticed
19 that the floor was wet?
20     A   Well, I knew that I had slipped on water
21 when I fell but when I did wake up, yes, I did see
22 water.
23     Q   Now, you just said that you noticed it was
24 water that you slipped on when you fell. How do you
25 know it was water at that point?

```
 1   UNITED STATES DISTRICT COURT
     DISTRICT OF CONNECTICUT
 2   STATE OF CONNECTICUT                    COPY

 3   CIVIL ACTION NO.
     303CV00456(MRK)
 4
     MARCH 26, 2004
 5   _____
     KERIN CARMODY
 6                         Plaintiff

 7
                    -vs-
 8
     KOHL'S DEPARTMENT STORES, INC.,
 9                         Defendant
     _____
10              DEPOSITION OF JERRI THORNTON

11   APPEARANCES:

12                     LAW OFFICE OF RICHARD H. GREENE
                        Attorney for the Plaintiff
13                     431 Howe Avenue
                        Shelton, Connecticut 06484
14                     RICHARD H. GREENE, ESQ.
                       Phone number:  (203) 924-9361
15

16                     RICCIO & BELETSKY, LLC
                        Attorneys for the Defendant
17                     310 Main Street
                        East Haven, Connecticut 06512
18                     BY: BARRY BELETSKY, ESQ.
                       Phone number:  (203) 469-8080
19

20                     MS. KERIN CARMODY
                       Also Present.
21

22                     MR. BARRY COLEMAN
                       Also Present.
23

24   REPORTED BY:      PATRICIA M. CHRISTIAN, CSR
     LICENSE NUMBER:   SHR360
25
```

SELIGSON REPORTING
(203) 799-2016

1  near the cash register be cleaned in a typical day?
2      A      Well, I have never seen it cleaned because
3  I don't assume that they do that during the day.
4      Q      Okay.
5      A      So, therefore, I can't say. I have never
6  seen it cleaned during the day.
7      Q      Okay. Have you ever seen it cleaned?
8      A      No.
9      Q      What are your hours?
10     A      I work from 7:30 in the morning until 2
11 O'clock in the afternoon.
12     Q      What about if there's rain or snow? Did
13 you ever see somebody either, let's say, mop up the floor,
14 put out warning signs?
15     A      Yes, that I have seen. The minute we get a
16 sprinkle they right away put out this yellow cone that says
17 "Floor is wet," you know. "Slippery when wet," and the
18 minute there's anything on the floor they have somebody
19 that comes out that we call immediately, and he comes out
20 and cleans it. I have never seen any water on the floor.
21     Q      Who do you call to clean up water?
22     A      I call Kenny, which we say "99" and he
23 comes out immediately and does the floor, picks up the
24 water if there was any water or whatever is there. But I
25 have never had to call him, because there's never been

```
 1      A     No.
 2      Q     She didn't appear --
 3      A     She seemed very stunned, you know.  And I'd
 4  even say a little embarrassed but she didn't seem hurt to
 5  me.
 6      Q     How long was she on the ground before she
 7  got up?
 8      A     I'd say maybe a couple of minutes.  Not
 9  long.  She wasn't on the ground very long because I helped
10  her get up myself, so I know she wasn't on the ground long.
11      Q     Anyone else there helping her?
12      A     Yes, there was Barry and there was Michael
13  and there was David.
14      Q     How about other customers?
15      A     No, I didn't see any customers.
16      Q     You didn't see any customers?
17      A     No, I didn't see anybody.  The only
18  customers that I seen when she first went and I told them
19  not to touch her until I got help, because I didn't know if
20  there was something wrong with her back or whatever.
21      Q     Who did you tell not to touch her?
22      A     The people that were standing there.  I
23  don't know who they are.  You know how people --
24      Q     I didn't ask you if you knew who they were,
25  I am asking if there were other people there?
```

1

```
 1   UNITED STATES DISTRICT COURT
     DISTRICT OF CONNECTICUT
 2   STATE OF CONNECTICUT

 3   CIVIL ACTION NO.                        COPY
     303CV00456(MRK)
 4
     MARCH 26, 2004
 5   ------------------------------
     KERIN CARMODY
 6                          Plaintiff

 7
                     -vs-
 8
     KOHL'S DEPARTMENT STORES, INC.,
 9                          Defendant
     ------------------------------
10              DEPOSITION OF BARRY COLEMAN

11   APPEARANCES:

12              LAW OFFICE OF RICHARD H. GREENE
                 Attorney for the Plaintiff
13               431 Howe Avenue
                 Shelton, Connecticut 06484
14              RICHARD H. GREENE, ESQ.
                Phone number:  (203) 924-9361
15

16              RICCIO & BELETSKY, LLC
                 Attorneys for the Defendant
17               310 Main Street
                 East Haven, Connecticut 06512
18              BY: BARRY BELETSKY, ESQ.
                Phone number:  (203) 469-8080
19

20              MS. KERIN CARMODY
                Also Present.
21

22              MS. JERRY THORNTON
                Also Present.
23

24   REPORTED BY:    PATRICIA M. CHRISTIAN, CSR
     LICENSE NUMBER: SHR360
25
```