```
 1  BY MR. GREENE:
 2       Q       Now, auto scrub, is that the section that
 3  deals with general maintenance of the floor at Kohl's or is
 4  there another section that I should be pointing you to?
 5       A       I'm not sure.
 6       Q       What is the procedure with respect to
 7  general maintenance of the floor at Kohl's?
 8       A       We use -- what did you say "auto scrub?"
 9  When you say "auto scrub," we do have a machine, we call it
10  the scrubbing machine.  We use that three times a week, and
11  other nights we do use a dust mop.
12       Q       Where do you use a dust mop?
13       A       Where?
14       Q       Hmm-hmm.
15       A       On the tile floors.
16       Q       Is that every other night or how many
17  times?
18       A       It will be every other night.  Actually,
19  the floor is cleaned overnight.  First he uses the dry dust
20  mop then he will use the auto scrub machine, but he does
21  use the auto scrub machine.
22       Q       Okay.  What's your procedure with respect
23  to snow and ice?
24       A       The minute we see the snow and ice we do
25  put yellow cones out there in front of the store, and we
```

FORM CD-64
(REVISED)
PRESCRIBED BY
D.A.O. 201-17

## U. S. DEPARTMENT OF COMMERCE

Asheville, N.C.

I CERTIFY that the attached are authentic and true copies of meteorological records on file in the NATIONAL CLIMATIC DATA CENTER, ASHEVILLE, NORTH CAROLINA.

*(signature)*

AUGUST L. SHUMBERA
RECORDS CUSTODIAN
DATA ADMINISTRATOR
(Official Title)

. . . . . . . . . . . . . . . .

I HEREBY CERTIFY that AUGUST L. SHUMBERA RECORDS CUSTODIAN, who signed the foregoing certificate, is now, and was at the time of signing, DATA ADMINISTRATOR, NATIONAL CLIMATIC DATA CENTER, and that full faith and credit should be given his certificate as such. I further state that I am the person to whom the said custodian reports.

IN WITNESS WHEREOF, I have hereunto subscribed my name and caused the seal of the Department of Commerce to be affixed on this date:  JUN 2  2004

For the SECRETARY OF COMMERCE:

*(signature)*

THOMAS R. KARL
DIRECTOR
NATIONAL CLIMATIC DATA CENTER
(Certifying Officer)

# HOURLY PRECIPITATION — BRIDGEPORT, CT
(WATER EQUIVALENT IN INCHES) — MAY 2001 — BDR — WBAN # 94702

| DATE | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | Sum if Different (See Note) | Water Equiv. 2400 LST |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01 | | | | | | | | | | | | | | | | | | | | | | | | | | 0.00 |
| 02 | | | | | | | | | | | | | | | | | | | | | | | | | | 0.00 |
| 03 | | | | | | | | | | | | | | | | | | | | | | | | | | 0.00 |
| 04 | | | | | | | | | | | | | | | | | | | | | | | | | | T |
| 05 | | | | | | | | | | | | | | | | | | | | | | | | | | 0.00 |
| 06 | | | | | | | | | | | | | | | | | | | | | | | | | | 0.00 |
| 07 | | | | | | | | | | | | | | | | | | | | | | | | | | 0.00 |
| 08 | | | | | | | | | | | | | T | | | | | 0.01 | | | | | | | | 0.00 |
| 09 | | | | T | | | | | | | | | | | | | | | | | | | | | | 0.00 |
| 10 | | | | | | | | | | | | | | | | | | | | | | | | | | 0.00 |
| 11 | | | | | | | | | | | | | | | | | | | | | | | | | | 0.00 |
| 12 | | | | | | | | | | | | | | T | | | | | | | | | | | | 0.04 |
| 13 | | | | | | | | | | | | | | T | T | 0.03 | | | | | | | | | | 0.00 |
| 14 | | | | | | | | | | | | | | | | | | | | | | | | | | T |
| 15 | | | | | | | | | | | | | | | | | | | | T | | | | | | 0.00 |
| 16 | | | | | | | | | | | | | | | | | | | | | | | | | | 0.00 |
| 17 | | | | | | | | | | | | | | | | | | | | | | | | | | 0.00 |
| 18 | | | | | | | | | | | | | | | | | | | | | | | | | | T |
| 19 | | | | | | | | | | | | | | | | | | | | | | | | | | 0.00 |
| 20 | | | | | | | | | | | | | | | | | | | | | | | | | | T |
| 21 | 0.02 | 0.13 0.01 | 0.26 0.01 | 0.09 0.02 0.01 | 0.05 T | 0.06 0.03 | 0.01 0.04 | 0.02 0.03 0.01 0.01 | 0.08 T | 0.06 0.01 | 0.10 0.01 | 0.06 0.02 | 0.06 0.02 | 0.08 0.01 | 0.04 | 0.01 0.01 | 0.01 0.01 | T 0.04 T | 0.01 T T | 0.04 0.01 | 0.01 0.02 | 0.02 0.01 0.01 | 0.03 T T | T 0.01 0.01 | | 0.11 1.18 0.29 0.10 0.16 |
| 22 | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 23 | T | 0.07 | 0.01 | | 0.01 | | T T | | 0.01 | T T | T | T | 0.02 | 0.01 | T | 0.02 | 0.01 | 0.01 | T | 0.01 | T 0.01 | 0.01 | 0.07 | T | | 1.07 0.02 0.14 0.30 |
| 24 | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 25 | T 0.13 | | T 0.01 | | | | | | | | | 0.12 | 0.18 | 0.32 | 0.22 | 0.15 | 0.02 | 0.01 | 0.04 | 0.01 | 0.01 | | | | | |
| 26 | 0.01 T | | | | | | | | | | | 0.04 T | 0.02 | 0.01 | | 0.04 | | | 0.04 | | | | | | | 0.00 |
| 27 | | | | | | | | | | | | T | | | 0.19 | | 0.02 | 0.01 | | | 0.01 | | | | | 0.00 |
| 28 | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 29 | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 30 | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 31 | | | | | | | | | | | | | | | | | | | | | | | | | | |

"FOR HOUR (LST) ENDING AT"

## MAXIMUM SHORT DURATION PRECIPITATION (See Note)

| Time Period (Minutes) | 5 | 10 | 15 | 20 | 30 | 45 | 60 | 80 | 100 | 120 | 150 | 180 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Precipitation (Inches) | .18 | .20 | .24 | .29 | .34 | .35 | .39 | .47 | .53 | .54 | .72 | .77 |
| Ending Date | 29 | 29 | 26 | 26 | 26 | 26 | 26 | 26 | 26 | 26 | 26 | 26 |
| Ending Time (Hour/Min) | 1453 | 1455 | 1308 | 1314 | 1316 | 1332 | 1316 | 1315 | 1316 | 1454 | 1517 | 1511 |

Date and time are not entered for TRACE amounts.

Note: The sum of the hourly totals is given when it differs from the daily total. NWS does not edit ASOS hourly values but may edit daily and monthly totals. Hourly, daily, and monthly totals are printed as reported by the ASOS site.

NOAA, National Climatic Data Center         PAGE 2

ay 12 03 11:56a    RIC A                    203-469-0011                    P.2

## Kohl's Incident Report: For _____ with Customers and the Public

JUL 26 2001

Instructions: Report all incidents by phone to 800-793-5716 within 24 hours. Complete both sides of written report in full and send a copy with original photographs and / or videotape to Liberty Mutual. Retain the original report and another set of pictures in the store file. If a product or other physical evidence is involved, remove from the store floor and tag it appropriately. Retain the evidence at the store until Liberty Mutual contacts you for disposition.

Date of Report: 5/26/01    Date of Incident 5/26/01    Store Location Number 029403

Date Reported by phone to Liberty Mutual 5/26/01    Liberty Mutual Claim Number P949-109 319.01

Store address (Include City, State, and Zip Code): 100 Hawley Avenue, Trumbull, CT 06611

Store Phone (Include Area Code) (203) 378-8199

Print full name, title, address, and phone number of party completing this report: Barry Coleman Store Manager 388-8199 w

Name of person involved Kerin Carmody - Fawzi

Social Security number of person involved 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

Complete Home Address (city, state, zip): 10 Hawthorne Ave #12 Derby CT 06418

Age 45    Sex (M/F) Female    Business Address: (city, state, zip): _____

Phone Number(s) Home: (203) 734-8391    Business: ( )

Name(s) of Companion(s) with person involved - Include, name, age, address, telephone numbers: _____

Location of incident: Front of Store (After Carpet [Front mat] Ends)

Time of Incident: 1:25    AM/PM    Weather Conditions: Rainy

Description of Incident: (Be specific and state facts): Entered store after mat ended walked on tile - slipped (shoes must have still been wet)

Name and address of manufacturer or supplier involved in the incident include the SKU number of the product involved: _____

Extent of injury - list all injured body parts as reported by the person involved: Fell on Left knee, hurt wrist all the way to her shoulder

Was medical treatment sought? No

Was any medical assistance provided at time of incident? If yes, indicate who provided and type of assistance: No

Name of Physician, Clinic or Hospital if the person sought medical treatment after the incident: N/A

PAGE TWO : – SIDE TWO –

WITNESSES: (INCLUDE EMPLOYEES, CUSTOMERS AND ANYONE WHO INSPECTED OR OBSERVED THE AREA):

Name:_____ Address:_____

Telephone Number:_____ Employee: (Yes/No):_____

Name:_____ Address:_____

Telephone Number:_____ Employee: (Yes/No):_____

Name:_____ Address:_____

Telephone Number:_____ Employee: (Yes/No):_____

Name:_____ Address:_____

Telephone Number:_____ Employee: (Yes/No):_____

Name:_____ Address:_____

Telephone Number:_____ Employee: (Yes/No):_____

Photographs taken of area (Yes/No) _____ If person involved slipped on a substance state type of substance and color of substance _____

Type of floor? Tile    Color of Floor? White

Describe the type of shoes the person involved was wearing? Sneakers

Was the person involved carrying anything? If yes, describe: a Pocket book

Was the person involved wearing glasses? Yes    Was the person involved pushing a cart? No

Does any store videotape show the incident? Yes/ No   If yes, provide a copy of the tape to Liberty Mutual and retain a copy at the store.

Describe the attitude of the person involved: a Upset

USE AREA BELOW TO DIAGRAM THE LOCATION WHERE THE INCIDENT OCCURRED:

[diagram with handwritten notations: "Fall", "Res", "Coat", and "Front Entrance"]

# KERIN LYNN CARMODY
# VS.
# KOHL'S DEPARTMENT STORE

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
NO. 303CV0045 (MRK)
NEW HAVEN, CONNECTICUT

PREPARED FOR

## RICHARD H. GREENE, ESQUIRE
431 HOWE AVENUE
SHELTON, CONNECTICUT 06484
Tel/Fax: 203-924-9361/922-1636

FEBRUARY 10, 2004

PREPARED BY

## RICHARD E. TWOMEY, CSP

# TWOMEY
Safety Engineering
147 Grassy Hill Road, East Lyme, CT 06333
Tel 860-442-8340 Fax 860-444-1602 Cell 860-867-7511
www.twomeysafety.com  rettse@snet.net

Twomey Safety Engineering
Kerin Carmody vs. Kohl's Department Stores
Page 5 of 19
February 10, 2004

6.9 **Management systems: risk assessments**

- Since most ceramic tile has a low friction factor, it should not be used in high pedestrian traffic areas. Our slip test in the store with leather sole shoes shows the dry floor to be quite slippery. This slipperiness will be much worse with water on the floor. Our slip test (see Appendix A) shows a dangerous level of 0.35.
- When Kohl's opens this store approximately four years ago, they should have done a risk assessment for slips and falls. A good assessment would have led to installing a safer tile with a higher friction factor.

6.10 **Management systems: records of previous incidents**

- These have not been provided in our interrogatory requests.

7. **STANDARDS**

   7.1 **CT Building Code, BOCA 1005.4**
   - All walking surfaces, including the floors of corridors, stairways and other components of the means of egress, shall have a slip-resistant surface.

   7.2 **Americans with Disabilities act (ADA) 1990**
   - Provide firm, stable and slip-resistant surfaces.

   7.3 **ASTM C1028, D2047 and F1637-95**
   - Standards for defining slip resistance

   7.4 **National Floor Safety Institute**
   - OSHA Self-Inspection Checklist

   7.5 **National Safety Council**
   - There are 912,500 slips each year in the U.S. Causes of slips and falls are flooring (50%), footwear (24%), hazard identification (19%) and training (7%).
   - Signs should be large enough to cover spills and located near high-risk areas.
   - Best defense is a comprehensive slip and fall prevention program.

   7.6 **OSHA**

   7.6.1 29 CFR 1910.22 (a) (1) Housekeeping
   - All places of employment, passageways, storerooms and service rooms shall be kept clean, orderly and in a sanitary condition.

   7.6.2 29 CFR 1910.22 (a) (2) Housekeeping
   - The floor of every workroom shall be maintained in a clean and, so far as possible, a dry condition.

   7.7 **Safety Professionals**
   - There is a consensus to use 0.5 for a static coefficient of friction.

C:\Documents and Settings\Dick Twomey\Desktop\Expert Witness\Greene, Richard\Carmody_Report 040210.DOC

Twomey Safety Engineering
Kerin Carmody vs. Kohl's Department Stores
Page 7 of 19
February 10, 2004

## 9. CONCLUSION

National Safety Council statistics show slips and falls as some of the more prevalent accidents in retail stores. To prevent these accidents, stores must have an active slip and fall prevention program. This includes good management systems such as safety policies, risk assessments and thorough incident investigations. It also requires installation of floors with a high friction factor, floor maintenance care such as removal of water and placement of warning signs. These systems and safety practices are not in place in this store as evidenced by our observations and actions of the store manager. If the above standards and a reasonable standard of care are followed, Kerin's accident can be avoided. Therefore, we consider Kohl's responsible for causing Kerin's accident.

Richard E. Twomey, CSP
President
Twomey Safety Engineering

Note 1:   In response to Richard Greene's interrogatory request to the defendant, we received a slip test report from defense counsel, Barry Beletsky, Esquire. The report was sent to Mr. Greene on 3/5/03. The report is titled:

> Koph vs. Kohl's Corporation, et al.
> Docket No: MER-L3299-01
> November 11, 1999

This testing was done in a different store on a different type of floor tile with a James Machine on brown tile with leather and Neolite shoe sole materials. The results of these tests cannot be used for comparison or analysis because the floor material in Kohl's store in Shelton is a ceramic glazed tile. Also, Kerin Carmody is wearing rubber sole sneakers.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Kerin Carmody
    Plaintiff

VS

Kohl's Department Stores, Inc.
    Defendant

CIVIL ACTION NO.
303CV00456 (JBA)

August 25, 2003

## PLAINTIFF'S INTERROGATORIES

The undersigned, on behalf of the Plaintiff, Kerin Carmody, pursuant to Rule 26 and 33 of the Federal Rules of Civil Procedure, hereby propounds the following interrogatories to be answered by the Defendant, Kohl's Department Stores, Inc. under oath, within thirty (30) days of the service thereof insofar as the disclosure sought will be of assistance in the prosecution of this action and can be provided by the Defendant with substantially greater facility than could otherwise be obtained.

### Definitions-

In preparing your responses to the interrogatories set forth herein, the following definitions should control unless indicated otherwise by the context:
Local Rule of Civil Procedure 26a is hereby incorporated by reference.

*"Communication"* means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

*"Document"* is defined to be synonymous in meaning and equal in-scope to the usage of this term in Federal Rules of Civil Procedure 34(a). A draft or nonidentical copy is a separate document within the meaning of this term.

*"Identify (with respect to persons)"*. When referring to a person, to 'identify' means to provide, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

*"Identify (with respect to documents)."* When referring to documents, to 'identify' means to provide, to the extent known, information about the (i) type of document; (ii) its general subject matter; (iii) the date of the document; and (iv) author(s), addressee(s) and recipient(s).

1

(c)   state the number of photographs taken;

ANSWER:   Two

(d)   state the date on which each of the photographs were taken.

ANSWER:   1/29/02

(23)   Please state, with respect to the premises where the plaintiff's injury allegedly occurred, the following:

(a)   the date such premises were originally constructed;

ANSWER:   Installation of the tile at this store site commenced after it was delivered on 1/20/00

(b)   the type of floor surface, including composition and color, which were originally installed at the accident site;

ANSWER:   C990 Madras - 12x12 white tile, polished
C350 Tolima - 12x12 grey tile, polished

(c)   whether any additions or changes in design or dimension have been made to the flooring surface since the original construction thereof, and if so, the dates and nature of any such changes;

ANSWER:   None known

(d)   the identity of the person or entity who installed the original flooring surface; and

ANSWER:   Trans ceramica Graniti Fiandre

(e)   the identity of the person or entity who designed the original flooring surface.

ANSWER:   Unknown

(24)   Please describe the physical condition of the premises on the first occasion that they were inspected by the defendant following the occurrence which is alleged in plaintiff's complaint.

ANSWER:   No defect

7

## No. 99-2990 (8th Cir.) Hople v. Wal-mart

Federal Appellate District: 8th

United States Court of Appeals
FOR THE EIGHTH CIRCUIT

No. 99-2990

Marie Hople; Charles Hople, Appellees,
v.
Wal-Mart Stores, Appellant.

Submitted: April 14, 2000
Filed: July 27, 2000

Appeal from the United States District Court for the Eastern District of Missouri.

Before WOLLMAN, Chief Judge, BEAM, Circuit Judge, and FRANK (fn1) , District Judge.

BEAM, Circuit Judge.

In this textbook slip-and-fall case, Marie Hople slipped and fell on water while shopping at a Wal-Mart **store**. The Hoples sued Wal-Mart to recover damages for personal injuries and for loss of consortium. The jury found Wal-Mart liable. The district court (fn2) entered judgment on the verdict and denied Wal-Mart's motion for judgment as a matter of law. We affirm.

Wal-Mart's only argument on appeal is that the district court erred in not granting judgment because the Hoples failed to make a case submissible to the jury. Specifically, Wal-Mart argues that the Hoples failed to show Wal-Mart had notice of a dangerous condition when there was no evidence as to the length of time the water had been on the **floor** prior to Marie Hople's fall. The district court rejected this argument finding that Wal-Mart's emphasis on the length of time the water was on the **floor** was contradictory to Missouri law in slip-and-fall cases.

We review de novo the denial of a motion for judgment as a matter of law, viewing the evidence and reasonable inferences in the light most favorable to the non-moving party. See Stewart v. M.D.F., Inc., 83 F.3d 247, 252 (8th Cir. 1996). Missouri law is applicable in this diversity case. We review the district court's interpretation of the applicable state law de novo. See Derby v. Godfather's Pizza Inc., 45 F.3d 1212, 1214 (8th Cir. 1995).

Under Missouri law, if the owner of a business has actual or constructive notice of a dangerous or foreseeable condition he has the duty to prevent injuries resulting from that condition. See Breckenridge v. Meierhoffer-Fleeman Funeral Home, Inc., 941 S.W.2d 609, 611 (Mo. Ct. App. 1997). In Sheil v. T.G. & Y. Stores Co., 781 S.W.2d 778 (Mo. 1989), the Missouri Supreme Court held that a plaintiff in a slip-and-fall case could make a submissible case on the issue of constructive notice without showing the length of time the dangerous condition had existed. See id. at 780.

Wal-Mart asserts that Sheil is not applicable because the dangerous condition in this instance ùwater resulting from snow tracked into the **store** ù is not a product sold by the **store** or a type of hazard that is peculiar to Wal-Mart's self-service mode of operation. This argument, however, is foreclosed by our decision in Spencer v. Kroger Co., 941 F.2d 699 (8th Cir. 1991). In that opinion, we noted that after

Sheil, "Missouri courts no longer strictly adhere to the 'length of time' rule for proof of constructive notice, whether the hazard results from a product of the **store** or some other device or condition." Spencer, 941 F.2d at 702. Rather, the liability of a **store** owner in a slip-and-fall case under Missouri law is predicated on the foreseeability of the risk and the reasonableness of the care extended toward business invitees. See id. at 703. "Foreseeable risks extend beyond a given store's products." Id. at 702; see also Stewart, 83 F.3d at 253 (recognizing Missouri's abrogation of "length of time" rule in a slip-and-fall case resulting from water tracked into restaurant during inclement weather); Love v. Hardee's Food Systems, Inc., 16 S.W.3d 739, 743 (Mo. Ct. App. 2000) (using Sheil analysis in slip-and-fall on water from restroom).

In short, we find the Hoples were not required to produce evidence regarding the length of time the water hazard existed prior to Marie Hople's **injury** to submit the case to the jury. Furthermore, having reviewed the record, we find the evidence presented at trial, viewed in the light most favorable to the Hoples, was sufficient to permit a jury to find that Wal-Mart breached its duty of reasonable care to protect a customer from a foreseeable, dangerous condition. See Stewart, 83 F.3d at 252-53 (finding sufficient evidence to submit slip-and-fall case to jury when facts showed that **slippery floor** resulting from water tracked into a restaurant during inclement weather was a foreseeable, dangerous condition).

Thus, we find Wal-Mart's motion for judgment as a matter of law was properly denied. Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

Footnotes

1. The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota, sitting by designation.

2. The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

© Lawriter Corporation. All rights reserved.

The Casemaker™ Online database is a compilation exclusively owned by Lawriter Corporation. The database is provided for use under the terms, notices and conditions as expressly stated under the online end user license agreement to which all users assent in order to access the database.