UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KERIN CARMODY,<br>      Plaintiff, | :<br>:<br>: |
| v. | :   3:03CV456 (MRK) |
| KOHL'S DEPARTMENT STORES, INC.<br>      Defendant. | :<br>:<br>: |

## **RULING**

In this case, Plaintiff alleges she was injured when she slipped and fell on a wet floor near the entrance of Defendant Kohl's Department Stores, Inc.'s ("Kohl's") store in Trumbull, Connecticut. Defendant has moved for summary judgment. For the reasons stated below, Defendant's Motion for Summary Judgment [doc. #32] is DENIED.

Summary judgment is appropriate when there is no dispute as to a genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party carries the burden of demonstrating that there is no genuine material dispute of fact. *Carlton v. Mystic Transp., Inc.*, 202 F.3d 129, 133 (2d Cir. 2000). The Second Circuit has cautioned that "in determining whether a genuine issue has been raised, the inferences to be drawn from the underlying facts revealed in the affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the party opposing the motion." *Tomka v. Seiler*, 66 F.3d 1295, 1304 (2d Cir. 1995).

Defendant's principal argument in support of summary judgment is that there is no evidence from which a reasonable juror could find that the Defendant had actual or constructive notice of wet conditions on the floor where Plaintiff slipped and fell. As Defendant rightly points out, relevant case law in Connecticut places a heavy burden on a "slip and fall" plaintiff to demonstrate that a defendant had actual or constructive notice of the specific defect that led to the accident and "not merely of conditions naturally productive of that defect even though subsequently in fact producing it." *LaFaive v. DiLoreto*, 2 Conn. App. 58, 60 (1984) (citation omitted). In *Colombo v. Stop & Shop Supermarket Co.*, 67 Conn. App. 62 (2001), the Connecticut Appellate Court put it this way:

> The plaintiff [bears] the burden of proffering some evidence, either direct or circumstantial, from which the jury could infer that the defect she allegedly encountered existed for a length of time sufficient to put the defendant on actual or constructive notice of its existence. In the absence of such evidence, we cannot permit a jury to reach such a conclusion on the basis of either speculation or conjecture.

*Id.* at 64 (citations omitted).

On a motion for summary judgment this Court must view all of the evidence and reasonable inferences in the light most favorable to Plaintiff. Therefore, at this stage, the Court is not prepared to say that Defendant is entitled to judgment as a matter of law and that there are no material issues of disputed fact. Though a close question, there is some evidence in the record of the following: (1) that Plaintiff fell within a couple of steps of a soaking wet rug at the entrance to Defendant's store, *see* Pl.'s Mem. Law in Objection to Def.'s Mot. Summ. J. at Ex. A [doc. #41]; (2) that it had been raining for some time before Plaintiff's fall, *see id.* at Ex. D; (3) that the rug was sufficiently wet to be noticed by incoming customers who testified in affidavits that

there was water on the floor around Plaintiff after she fell, *see id.* at Ex. B & C; (4) that Defendant has safety and warning procedures when it rains, but on the day of the alleged incident no such precautions were taken, *see id.* at Ex. F & B; and (5) that Defendant's floor is very slippery when wet, *see id.* at Ex. J.  Circumstantial evidence such as the foregoing could be sufficient to prove Defendant's constructive notice of the defect that led to Plaintiff's injuries. *See Colombo*, 67 Conn. App. at 64; *Kurti v. Becker*, 54 Conn. App. 335, 338-39 (1999) ("It is settled that circumstantial evidence can establish constructive notice.") (quotation and citation omitted).

Furthermore, Plaintiff and Defendant offer affidavits and depositions of witnesses to Plaintiff's fall who take polar opposite positions on whether the floor in the vicinity of Plaintiff's fall was even wet at the time of Plaintiff's accident.  *Compare* Pl.'s Mem. Law in Objection to Def.'s Mot. Summ. J. at Ex. A, B & C [doc. #41] (affidavits of Plaintiff Kerin Carmody, and witnesses Nancy Sivak and Cynthia Dion, stating that the floor was wet); *with* Def.'s Mem. Law in Support of Mot. Summ. J. at Ex. B & C [doc. #34] (depositions of Kohl's employees Jerri Thornton and Barry Coleman, stating that the floor was not wet).  When, as in this case, the credibility of witnesses may be an important issue, such credibility issues are normally resolved by a jury based on the in-court testimony of witnesses, not by the Court as a matter of law based solely on affidavits and depositions.  *See, e.g.*, *Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996) ("Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment."); *Colby v. Klune*, 178 F.2d 872, 873 (2d Cir. 1950) ("[O]nly in [a trial on oral testimony] can the trier of the facts . . . observe the witnesses' demeanor; and that demeanor – absent, of course, when trial is by affidavit or

deposition – is recognized as an important clue to witness' credibility. When . . . the ascertainment (as near as may be) of the facts of a case turns on credibility, a triable issue of fact exists, and the granting of a summary judgment is error.") (footnote omitted).

Because of these genuine disputes as to material issues of fact, summary judgment is inappropriate. Accordingly, Defendant's Motion for Summary Judgment [doc. #32] is DENIED.

IT IS SO ORDERED.

/s/      Mark R. Kravitz
United States District Judge

Dated in New Haven, Connecticut: November 2, 2004