FILED

2005 JAN 13 P 3:29

U.S. DISTRICT COURT
NEW HAVEN, CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------X

KERIN CARMODY                               :

               Plaintiff,         :

                                      CIV NO.
V.                                         :   3:03CV456 (MRK)

KOHL'S DEPARTMENT STORES, INC.              :

               Defendant.       :   January 14, 2005

------------------------------------------------------------X

## PARTIES JOINT TRIAL MEMORANDUM

**1.**  **TRIAL COUNSEL:**

| | |
|---|---|
| Richard H. Greene, ct08905 | Barry Beletsky, ct 05313 |
| Law Office of Richard Greene | David J. Baker, ct 11934 |
| 431 Howe Avenue | Riccio & Beletsky |
| Shelton, CT 06484 | 310 Main Street, Suite 2 B |
| Tel: (203) 924 - 9361 | East Haven, CT 06512 |
| Fax: (203) 922-1636 | Tel: (203) 469-8080 |
| E-mail: richard_h_greene@sbcglobal.net | Fax: (203) 469-0011 |
| | E-mail: |

**2.**  **JURISDICTION:**

28 U.S.C. 1441(a); based on diversity and amount in controversy.

**3.**  **JURY/NON-JURY:**

A jury trial claim was filed in this matter on March 26, 2003.

1

4.  **NATURE OF CASE:**

   Two count negligence claim alleging that the Defendant through its employees negligently and carelessly committed actions and/or omissions that caused a slippery and dangerous front entranceway floor which resulting in injuries to the Plaintiff. The Plaintiff is seeking monetary relief for medical costs and expenses and damages for pain and suffering. Defendant claims that Plaintiff injuries were caused by her own negligence.

5.  **STIPULATIONS OF FACT**

   1  On May 26, 2001 the Plaintiff, Kerin Carmody, was a 46year old female with a life expectancy of 35.3 years.

   2  The Defendant is a retail business establishment authorized and conducting business in the State of Connecticut with a facility located at 100 Hawley Lane, Trumbull, CT.

   3  The Defendant, its agents, servants and/or employees were responsible for the cleaning and maintenance of the forementioned facility in Trumbull, CT.

   4  Store manager Barry Coleman was the responsible employee supervisor regarding inspecting, cleaning and maintaining of this store.

   5  Store manager Barry Coleman was the responsible employee supervisor regarding this store's safety and inspection policy.

2

Case 3:03-cv-00456-MRK   Document 60   Filed 01/13/2005   Page 2 of 11

    6  On May 26, 2001 the Plaintiff was a business invitee lawfully at Kohl's Department Store at 100 Hawley Lane, Trumbull CT shopping.

    7  The Defendant had cashiers stationed near the front entrance where Plaintiff fell on May 26, 2001.

**6.**   **STIPULATIONS OF LAW**

The parties agree that Connecticut law should govern the determination of the negligence of the defendant and issues relating to notice of the specific defect.

**7.**   **PLAINTIFF'S CONTENTIONS**

The Plaintiff seeks compensatory money damages for the defendant's actions and/or omissions that resulted in her fall on May 26, 2001. The Plaintiff alleges that the Defendant negligently and carelessly:

a. maintained, kept and controlled the front area of the subject premises;

b. permitted said area to remain slippery/dangerous for a prolonged period of time;

c. failed to clean or maintain or inspect the front entrance area;

d. failed to warn business invitees entering the front premises of the slippery and dangerous condition of the front entrance;

e. failed to erect a barrier or other protective devices or signs at or near the slippery or dangerous area.

The Plaintiff also alleges respondent superior negligence liability claims.

3

8. **DEFENDANT'S CONTENTIONS**

   The Defendant denies Plaintiff's claims of negligence in maintaining, controlling and cleaning the front floor area, its failure to inspect or warn customers of the slippery and dangerous condition of the floor. The Defendant also denies Plaintiff's injuries, damages and other losses. The Defendant has alleged that the Plaintiff's injuries and other loses, if any, were caused by her own negligence and carelessness.

9. **LEGAL ISSUES**

   **Plaintiff's Statement of Issues**

   1  Did the Defendant fail to adequately maintain, clean and reasonable control of its front entranceway floor during normal business hours. Whether employees of the Defendant permitted the front floor area to become slippery due to the accumulation of rainwater and remain slippery/dangerous for a prolonged period of time prior to the Plaintiff's fall on May 26, 2001.
   Whether this Defendant's store had employees who conducted inspections for hazards. Whether employees on May 26, 2001 followed an established store policy that warning cones are to be placed at the store entrance as soon as it begins to rain. Whether the Plaintiff was negligent.

   2  To recover for a breach of duty owed to a business invitee the defendant must have actual or constructive notice of the presence of the specific unsafe

4

condition causing injury. Fuller v. First National Supermarkets, Inc., 38 Conn. App. 299,301, 661 A. 2d 110 (1995). The alleged defect was caused by the employees of the defendant, then the plaintiff need not prove notice because the defendant is deemed to have actual notice of a dangerous condition so created. Tuite v. Stop & Shop Companies, Inc., 45 Conn. app. 305, 308-309, 696 A. 2d 363 (1997). If that duty was breached whether the Defendant had actual or constructive notice of the defect within a reasonable time to remedy it, the Plaintiff would be entitled to recover damages for injuries. Morris v. King Cole Stores, Inc.,132 Conn. 489, 492, 45 A.2d 710 (1946).

**Defendant's Statement of Issues**

1. Whether the floor of the Defendant's premises was defective.
2. Whether the floor of the Defendant's premises was wet at the time of the Plaintiff's injury.
3. Whether the Defendant had actual or constructive notice of any wet condition of the floor
4. Whether the Plaintiff sustained any loss of earnings as a result of her fall.

10. **PROPOSED VOIR DIRE QUESTIONS:**

    See Exhibit B annexed hereto.

11. **STATEMENT IN LIEU OF OPENING STATEMENT**

    See Exhibit C annexed hereto.

5

12. **LIST OF WITNESSES:**

   A. **Plaintiff's List of Witnesses**

   1. * Kerin Carmody,(1 day) 10 Hawthorne Avenue #12, Derby CT.
      Ms. Carmody is expected to testify as to the incident and injuries thereof.

   2. * Richard Twomey, (4 hours) of Twomey Safety Engineering,
      147 Grassy Hill Road, East Lyme, CT. Richard E. Twomey is expected to testify in his capacity as a safety engineer with respect to the floor of the subject premise, it's composition, safety and maintenance procedures and precautionary measures taken by the defendant in relation to industry safety and inspection policies. Mr. Twomey will also testify as to his personal observation and his inspection of tile floor in the Defendant's Trumbull facility on February 06, 2004.

   3. * Dr. Ignatius Kominakas, (1.5 hours) 25 Constitution Blvd, Shelton.
      Dr. Kominakas is expected to testify as to his treatment and permanencies of Ms. Carmody injuries as a result of her fall on May 26, 2001.

   4. * J. Fredrick Schill (1 hour), 3 Vincent Drive, Symsbury, CT. Mr. Schill, Ms. Carmody supervisor at Allegiant Systems expected to testify as to how her injuries sustained in her fall affected her and the effect on her employment following her injury on May 26, 2001.

   5. * Nancy Sivak (1.5 hours), 15 Toni Place, Stratford, CT. Ms. Sivak is expected to testify as to what she witnessed/observed on May 26, 2001.

   6. * Ronald Maclean (2 hours), 10 Hawthorne Avenue #12 Derby, CT. Mr. Maclean expected to testify as to the injuries the Plaintiff sustained in her fall on May 26, 2001 and how they affected her.

   7.   Cynthia Dion (1 hour) of Dianon Systems, 200 Waston Boulevard, Stratford, CT. Ms. Dion is expected to testify as to what she witnessed on May 26, 2001 while shopping at the Defendant's facility.

## 13. EXHIBITS:

### A. Plaintiff's List of Exhibits:

1. Copy of the Certified Weather Report
2. Copy of the Defendant's Incident Report
3. 8 X 10 Laser color copies of the Defendant's Photos
4. 8 X 10 Laser color copies of the Plaintiff's Photos
5. Dr. Supida Dey medical reports
6. Dr. Supida Dey medical bills
7. Dr. Ignatius Kominakas' medical reports
8. Dr. Ignatius Kominakas' medical bill
9. Physical Therapy of Southern Connecticut medical reports
10. Physical Therapy of Southern Connecticut medical bills
11. Integrated Rehabilitation medical reports
12. Integrated Rehabilitation medical bills
13. Twomey Safety Engineering Expert Report
14. Kohl's Floor Care Manual

**B.** **Defendant's List of Exhibits:**

501. Plaintiff's attendance records at Allegient systems.

502. Sample floor tile.

**14.** **DEPOSITION TESTIMONY**

The parties are unaware, at this time, of any witness who will testify by way of deposition transcript.

**15.** **REQUESTS FOR JURY INSTRUCTIONS**

Plaintiff's Request to Charge annexed hereto.  General instructions and Defendant's Request to Charge to be provided.

**16.** **ANTICIPATED EVIDENTIARY PROBLEMS**

The Defendant objects to the introduction of the report of Plaintiff's engineering expert who will be providing live testimony. Listed as exhibit 13

The Defendant objects to the introduction of any evidence of future medical treatment to be rendered to the Plaintiff as no treating physician has rendered an opinion that with reasonable medical probability, such treatment is necessary. Masden v. Gates, 85 Conn., App. 383, 396 (2004).

Plaintiff contention is expert witness can testify regarding the probability of future medical treatment.  Defendant is speculating on anticipated testifying of expert. Records are admissible by statute CGS 52-174, 52-180.

9

17. **LENGTH OF TRIAL:**

It is estimated that trial pertaining to this case will take four to six days, including jury selection.

18. **FURTHER PROCEEDING:**

The Defendant's provision of (clean) 8 x 10 Laser color copies of the Defendants photos . Determination regarding admissibility of certain facts in Defendant's responses to Plaintiff's request for admission to be incorporated into stipulation of facts (section 5).

19. **TRIAL BY MAGISTRATE JUDGE:**

The Parties do not consent to trial before a United States Magistrate.

| | |
|---|---|
| **PLAINTIFF,** <br> **KERIN CARMODY** | **DEFENDANTS,** <br> **KOHL'S DEPARTMENT STORES** |
| By: *[signature]* <br> Richard H. Greene <br> Law Office of Richard Greene <br> 431 Howe Avenue <br> Shelton, CT  06484 <br> Fed. Bar # ct08905 <br> Tel. # (203) 924 - 9361 <br> Fax # (203) 922 – 1636 | By: *[signature]* <br> Barry P. Beletsky <br> Riccio & Beletsky <br> 310 Main Street, Suite 2B <br> East Haven, CT  06512 <br> Fed. Bar#ct05313 <br> Tel. # (203) 469 - 8080 <br> Fax #  (203) 469 - 0011 |

11

Case 3:03-cv-00456-MRK   Document 60   Filed 01/13/2005   Page 10 of 11

## **CERTIFICATION**

This is to certify that a final copy of the foregoing Joint Parties Trial Memorandum has been sent via fax and mail on January 13, 2005 to:

Barry P. Beletsky, Esq
David Baker, Esq.
Riccio & Beletsky
310 Main Street, Suite 2B
East Haven, CT 06512

_____
Richard H. Greene

12

Case 3:03-cv-00456-MRK    Document 60    Filed 01/13/2005    Page 11 of 11