UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------X

KERIN CARMODY                              :

                 Plaintiff,        :
                                   CIV NO.
          V.                    :  3:03CV456 (MRK)

KOHL'S DEPARTMENT STORES, INC.     :

                Defendant.    :

---------------------------------------------------------------X

## EXHIBIT B

**10.**         **PROPOSED VOIRE DIRE QUESTIONS**

1. Are there any attorneys in your family?

2. Have you worked in the accounting field?

3. Have you or any of your family members ever been involved in a lawsuit before or brought a claim for injuries?

4. Have you, your family or friends ever sustained personal injuries from a slip and fall, automobile accident or otherwise?

5. Have you ever utilized the services of a chiropractor or a doctor in the past?

6. How do you feel about chiropractors or doctors generally?

7. This is a personal injury case concerning a slip and fall. Do you feel that if a person is injured in a slip and fall he or she is entitled to be compensated for injuries sustained in that event?

1

8.  How do you feel about people who sue for injuries?

9.  Can you treat the parties equally despite the fact that the plaintiff is an individual and the defendant is a corporation?

10. Have you or anyone you know ever had a bad experience at a Kohl's Department Store?

11. Have you ever heard about tort reform or the lawsuit crisis?

12. Do you feel that there are too many lawsuits in general today?

13. Do you think it is possible to appear fine on the surface but suffer with an injury or pain on the inside, that you look fine, can get around even work without apparent difficulty but have pain or problems?

14. Do you watch a lot of TV or movies involving lawyers or the legal system?
    (Judge Judy)

15. How do you feel about lawyers and the legal system in general?

16. Ms. Carmody has the burden of proving each and every element of our claims in this case.  The burden of proof in a civil slip and fall case is not the same as a criminal trial.  We do not have to prove our case beyond a reasonable doubt.  Our burden of proof is a fair prepondence of the evidence; we have to tip the scales with our proof ever so slightly in our favor.  Do you understand this concept of proof?

17. Do you think injuries should be limited to medical bills for only physical injuries or can injuries include things like lost wages and compensation for pain and suffering?

18. Do you have a problem awarding future damages, such as future medical treatment?

19. A substantial injury deserves substantial compensation;   AGREE or DISAGREE

20. Could you return a significant or substantial verdict if you or your fellow jurors find that the plaintiff sustained a substantial injury due to the negligence of the Defendant in this case?

2

21. Can you turn away the plaintiff away without any recovery if she could prove to you she was injured but cannot prove that here injury was caused by the defendant?

22. Compensation for pain and suffering is compensation for the diminished value of life as a result of personal injury, it can be a direct injury such as not being able to move around or indirect such as the loss of enjoyment from being unable to do a hobby such as swinging a golf club. Do you feel that it's wrong to award damages for pain and suffering?

23. Do you think you would have a problem with awarding damages that are fair just and reasonable based on the facts proven to your satisfaction or do you have a personal belief that damages should be limited or capped?

24. Do you consider yourself a reasonable person, do you have decent common sense?

25. Do your friends or family consider you a fair person, as far as you know?

26. Do you think you can bring your common sense and fairness to this case?

27. Are you shy or could you make your opinion known to your fellow jurors?

28. The Judge will instruct you on what the law is.  Do you feel that you can follow the Judge's instruction on what the law is?

29. He will also instruct you that it would be your duty to award fair, just and reasonable damages should we prove our case.  Do you feel that you could award fair, just and reasonable damages for injuries proven to you?

30. If you disagreed with the Judge's instructions to you about what the law is, do you think you could follow the Judge's instructions even if you disagreed with what you think the law is or what you think it should be?

31. Is there any reason you are aware of that would prevent you from serving as a juror in this case, I'm referring to things such as a prepaid vacation, surgery, job problems, etc...?

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------X

KERIN CARMODY                              :

                           Plaintiff,      :
                                               CIV NO.
              V.                           :   3:03CV456 (MRK)

KOHL'S DEPARTMENT STORES, INC.             :

                           Defendant.      :

---------------------------------------------------------------X

## EXHIBIT C

11            ## STATEMENT IN LIEU OF OPENING

This matter involves a claim for personal injuries by Kerin Carmody against

Kohl's Department Trumbull Connecticut Store.   Ms. Carmody claims that the

Defendant through its employees negligently and carelessly committed actions

and/or omissions that caused a slippery and dangerous front entranceway floor

which caused Ms. Carmody to fall and suffer personal injuries. The Plaintiff is

seeking monetary relief for her injuries, medical costs and expenses and

damages for pain and suffering.  The Defendant claims that Plaintiff injuries

were caused by her own negligence.

1

The facts will show that Ms. Carmody had gone to this Kohl's store on May 26, 2001 to purchase several items and had exited the facility to retrieve her Kohl's charge card that was left in her motor vehicle located at the front entrance. It had been raining that day. Ms. Carmody reentered the store through the front entrance and after walking over the front entrance rug fell as she stepped onto the tile floor. It is Ms. Carmody's allegation in part that the tile floor had rainwater accumulation that caused her to fall. It is the Plaintiff's contention that the employees of Kohl's had violated and breached their affirmative obligation to protect its customers, specifically that the Defendant was negligent:

    a. in the maintenance and control of the front entrance area;

    b. that this area was allowed to remain slippery/dangerous for a prolonged period of time;

    c. that the Defendant failed to clean or inspect the front entrance area;

    d. that the Defendant failed to warn its customers entering the front premises of the slippery and dangerous condition at the front entrance;

    e. that the Defendant failed to erect a barrier or other protective devices or warning signs at or near the slippery or dangerous area.

2

You will hear that after her fall Kerin Carmody sought medical treatment for her injuries initially with her family physician then with an orthopedic specialist one Dr. Komminakas who treated Ms. Carmody for a left shoulder injury for several months, and that she has a permanent disability stemming from her fall.

The Defendant Kohl's denies the Plaintiff's claims of negligence in maintaining, controlling and cleaning the front floor area or its failure to inspect or warn customers of the slippery and dangerous condition of the floor. The Defendant also denies Plaintiff's injuries, damages and other losses. The Defendant has alleged that the Plaintiff's injuries and other loses, if any, were caused by her own negligence and carelessness.

It is for you ladies and gentleman to weigh the evidence and decide whether the Plaintiff has proven her case to your collective satisfactions and should recover against this Defendant for her injuries and other losses.

3

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------------------X

KERIN CARMODY                                    :

                        Plaintiff,              :
                                                      CIV NO.
             V.                                  :    3:03CV456 (MRK)

KOHL'S DEPARTMENT STORES, INC.                   :

                        Defendant.     :

-------------------------------------------------------------X

## PROPOSED VERDICT FORM

We the jury unanimously find:

I   **DEFENDANT LIABILITY:**

1. Do you find that the Defendant Kohl's Department Stores was negligent in on or more of the ways alleged in the complaint?

          YES_____              NO_____

2. If your answer to question 1 is "yes" do you find that such negligence was a proximate cause of the injuries claimed by the Plaintiff Kerin Carmody?

          YES_____              NO_____

If you have found that the Defendant was not negligent or that its negligence was not a proximate cause of the injuries claimed by the Plaintiff, you have completed your deliberations. Do not answer any of the other questions on this form. Go directly to page 2 and sign and date this form otherwise proceed to Section II.

1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-----------------------------------------------------------------X

KERIN CARMODY                                              :

               Plaintiff,                      :

                              CIV NO.
          V.                                         :     3:03CV00456 (MRK)

KOHL'S DEPARTMENT STORES, INC.                :

              Defendant .               :

-----------------------------------------------------------------X

## PLAINTIFF'S SUPPLIMENTAL REQUEST TO CHARGE

**I.**    **GENERAL**

      It is my duty to state to you the rules of the law involved in this case, and it is your duty to find the facts.  You will take the law as I give it to you.  If my statement of the law differs from the claims of law made by counsel, or from your own idea of that the law should be, you must never the less, accept the law as I give it to you.

      Wright & Ankerman, Connecticut Jury Instructions, 4th Ed., § 12 (a).

      Your verdict must be based absolutely and solely upon the evidence here given to you during the course of this trial.  You should not by swayed or influenced by any sympathy or prejudice for or against any of the parties.  You should not be influenced by any claims or comments of counsel which are not warranted by the evidence.  Rather, you should decide the

1

case upon the evidence presented before you at this trial with due regard to the law as stated by

the Court, as applied to the facts which you find to be established by the evidence.

Wright & Ankerman, Connecticut Jury Instructions, 4th Ed., § 312.


## UNDISPUTED FACTS

The formal admission in an answer to a specific allegation of the plaintiff's complaint is

a judicial admission, binding upon the Defendant and relieves the Plaintiff from the necessity

of proving that particular fact.   Such an admission takes the place of proof.

State v. Stepney, 191 Conn. 233, 253 (1983); Franchi v. Farmholme, Inc.,191

Conn. 233, 252 (1983); Reese v. First Connecticut Small Business Investment Co.,

192 Conn. 326, 329 (1980).

Likewise, any matter that is admitted to in a Request for Admission is conclusively

established unless the court upon motion permits the withdrawal of amendment of the

admission.

F.R.C.P. 36(b);  Tate v. Farmland Industries Inc., 268 F. 3d 989, 998-99 (10th Cir.

2001); T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc., 174 F.R.D.

38, 44 (S.D.N.Y. 1997)

In this case the Defendant  Kohl's has admitted that the store manager Barry Coleman

was in charge of safety and supervision, repair and maintenance of the Trumbull store.  The

Defendant  further admits that the Plaintiff was a business customer lawfully at the Defendant's

facility and had cashiers near the place of the plaintiff's fall on May 26, 2001.  No cashiers or

2

other store personnel informed the store manager of a need for maintenance at the front entrance of this store prior to Ms. Carmody's fall on May 26, 2001. The Defendant further admits that on May 26, 2001 that it was raining outside. These responses to the plaintiff's Request for Admissions, become in effect, sworn evidence that is binding upon Kohl's for this trial. You must accept these admissions as true and the Plaintiff need not prove these facts.


**<u>BURDEN OF PROOF</u>**

From the pleadings in this case, and from all the evidence presented at trial, you will find that certain allegations made by the plaintiffs are admitted by the defendants. You shall treat the facts within those allegations as true. Your difficulty will come in deciding the disputed facts. Where these facts are necessary to establish a right of recovery, the party upon whom the burden of proof rests must prove them by a fair preponderance of the evidence, I mean this: the party with the burden must prove the facts by the better and weightier evidence. You will take all the evidence that is offered here, and consider the various circumstances that are involved. You will weigh it, and the circumstances, and then if you find that evidence fairly preponderates in the favor of the Plaintiff on a particular fact, she or she will have proved that particular issue you have before you.

Wright & Ankerman, <u>Connecticut Jury Instructions,</u> 4th Ed., § 597 (a).

3

Let me caution you also that whether or not you find a fact proven is not to be determined by the number of witnesses testifying for or against it; it is the quality, not the quantity of the evidence which should be controlling.

Wright & Ankerman, Connecticut Jury Instructions, 4th Ed., § 597.

In many instances it is not possible to establish facts involved in cases heard in court with absolute certainty, and the law does not require the party bearing the burden of proof to meet that strict standard; she or he, is not bound to demonstrate conclusively their right to recover or defend. If the evidence which you have heard, considered fairly and impartially, produces in your minds a reasonable belief of the probability of the existence of any fact, then you are right to treat that fact as proven.

Wright & Ankerman, Connecticut Jury Instructions, 4th Ed., § 597 (c).

4

## NEGLIGENCE CLAIM

This being a negligence case I must give you a general statement as to what the law is concerning a negligence case. In general, a negligence case may be defined as the action by a person that is something which a reasonably prudent person would not have done under like circumstances or conditions, or it may be the omission of doing that which a reasonably prudent person would have done under similar circumstances or conditions. In other words, the law requires that each person use reasonable care under all circumstances then and there existing. Washburn v. LaMay, 116 Conn. 576 (1993).    Negligence is the violation of a legal duty which one person owes to another to care for the safety of that person or that person's property. Sharkey v. Skilton, 83 Conn, 503, 508 (1910). Negligence is the failure to use reasonable care, the care that a reasonably prudent person would use, in the same circumstances. Hoelter v. Mohawk Services, Inc., 170 Conn. 495, 501 (1976).

In order to prevail on a negligence claim, a Plaintiff must prove the following four elements, or components, of her claim:

(1) the Defendant owed her a duty of care;

(2) the Defendant breached, or deviated from, that duty of care;

(3) the Defendant 's breach of duty caused the Plaintiff injury; and

(4) the Plaintiff sustained some actual injury.

If the Plaintiff fails to prove any one of these elements, a legal duty, breach of that duty, causation and damages, by a preponderance of the evidence, then she has failed to prove her claim, and your verdict will be for the Defendant .   I will explain each of these elements in turn.

5

## FIRST ELEMENT :  DUTY

The law provides that of a place of business held open to the general public owes a duty of care to people invited therein to purchase items. A business has a duty to its customers to conduct activities on the premises so as to not injure its customers. Specifically, such a business owes a duty to reasonably inspect and maintain the premises in order to render them reasonably safe, and a duty to warn customers of dangers that the customers could not reasonably be expected to discover on their own.

It is undisputed that Kohl's is a merchant and that its department store in Trumbull is held open to the general public. Thus, I instruct you that Kohl's owed the Plaintiff a duty to inspect its premises and make them reasonably safe for customers such as Ms. Carmody and to warn customers of dangers that its customers could not discover on their own.

The Defendants as the owner and possessor of the premises on that day had the duty of exercising reasonable care and control over the premises to protect its invitees, its customers, from dangers which might reasonably be anticipated to arise from the condition of the premises or the activities taking place there.  Merhi v. Becker, 164 Conn. 516, 520 (1973)  In particular the possessor of the premises must exercise the power of control which its occupation of the premises gives it to prevent injury to the visitors at her hands…

Merhi Supra, Prosser, Law of Torts (4th Ed.), 61, p.395.

6

The test is:  under all of the circumstances, would the ordinary, reasonably prudent person in the Defendant 's position, knowing what it knew or should have known, reasonably anticipate that harm was likely to result from its act or failure to act? So long as the harm of the general nature as that which occurred was foreseeable, there is a basis for liability even though the manner in which the accident happens is unusual, bizarre or unforeseeable.   Where there is a duty of finding out and knowing, negligent ignorance has the same effect in law as actual knowledge.     As a business invitee, Kerin Carmody was owed a particular duty of care by the Defendant.  In general, the Defendant  owed a duty to Kerin Carmody to inspect and maintain the property in a reasonably safe condition.  If you find that the Defendant did not exercise the duty of reasonable care which it owed to Kerin Carmody and that this caused the injuries to Kerin Carmody, then you will find the Defendant to have been negligent.

<u>Warren v. Stancliff</u>, 157 Conn. 216, 218 (1968)

## NOTICE OF DEFECT

To recover for a breach of duty owed to a business invitee, the Defendant must have actual or constructive notice of the presence of the specific unsafe condition causing injury. Fuller v. First National Supermarkets, Inc., 38 Conn. App. 299,301, 661 A. 2d 110 (1995). If, however, the Plaintiff claims that the alleged defect was caused by the employees of the Defendant, then the Plaintiff need not prove notice, as in these types of cases, the Defendant is deemed to have actual notice of a dangerous condition. Tuite v. Stop & Shop Companies, Inc., 45 Conn. App. 305, 308-309, 696 A. 2d 363 (1997). If that duty was breached, and if the Defendant had actual or constructive notice of the defect within a reasonable time to remedy it, the Plaintiff would be entitled to recover damages for her injuries. Morris v. King Cole Stores, Inc., 132 Conn. 489, 492, 45 A.2d 710 (1946).

The determination of actual notice is whether the Defendant actually knew of the unsafe condition long enough before the plaintiff's injury to have taken steps to correct the condition or to take other suitable precautions. Did the condition or defect exist for such a length of time that the Defendant, in the exercise of due care, should have discovered it in time to have remedied it prior to the plaintiff's fall. What constitutes a reasonable time is a question of fact for you to determine based on the circumstances you find to have existed in this case. Morris v. King Cole Stores, Inc., 132 Conn. 489 (1946); Schwarz v. Waterbury Public Marke, Inc., 6 Conn. App. 429, 432 (1986).

8

The notice to the Defendant must be of the specific defect or unsafe condition that the Plaintiff claims caused the injury. It is not enough that the Plaintiff prove the existence of certain conditions that would likely produce such a defect, even if such conditions did in fact produce the defect. Our law requires that the notice, whether actual or constructive, be of very defect that resulted in the plaintiff's injury. Cruz v. Drezek, 175 Conn, 230, 234-35 (1978); White v. E & F Construction Co., 151 Conn. 110, 114 (1963). However if the condition causing injury is one that was created by the Defendant or by an employee of the Defendant, then that constitutes actual notice. Karembski v. Three Lakes, Park, Inc., 177 Conn. 603 (1979). Actual or constructive notice to an employee acting in the course or scope of employment is considered under our law to be notice to the employer as well. Gulycz v. Stop & Shop, 29 Conn. App. 519, 521 (1992).

In order for the Plaintiff to recover in the absence of proof that the Defendant created the condition or actually knew of it, the Plaintiff must prove that the Defendant had constructive notice. That means that the Defendant, using reasonable care, should have known of the unsafe condition in time to have taken steps to correct the condition or to take other suitable precautions.  You may consider whether the Defendant inspected the premises on a reasonable basis or in a reasonable way in determining whether the Defendant should have known of the unsafe condition. You may consider the length of time the condition had existed in determining whether the Defendant should have known of the condition had the Defendant used reasonable care. Warren v. Stancliff, 157 Conn. 216, 219 (1968); Cruz v. Drezek, 175 Conn. 230, 234-35 (1978).

9

## AFFIRMATIVE DEFENSE - CONTRIBUTORY NEGLIGENCE

Even if the Plaintiff has proved her claim by a preponderance of the evidence, the Defendant has raised what is called an affirmative or special defense. In this action the Defendant has alleged a special defense of comparative negligence of the part of the Plaintiff.

Specifically, the Defendant claims that even if you find that is was negligent in its maintenance of the aisle way at the department store, the Plaintiff was also negligent, and she should either not recover any monetary damages or should recover less in damages than she otherwise would. While the Plaintiff has a duty to prove each element of her claim by a preponderance of the evidence, it is the Defendant 's burden to prove the existence and extent of its affirmative defense by a preponderance of the evidence. Degnan v. Olsen, 136 Conn. 171, 174 (1949); C.G.S. 52-114.

Now, in any action to recover damages for negligently causing personal injury it shall be presumed that the person who was injured was at the time of the injury in the exercise of reasonable care. On the issue of whether Ms. Carmody was comparatively negligent I instruct you that Connecticut law presumes on the day she was injured that the Plaintiff was exercising reasonable care. The law presumes she was not negligent. The presumption can be overcome. The Plaintiff had a duty to be watchful of her surroundings and make reasonable use of her senses to ascertain the condition of the area in which she was walking. She also had a right to assume that the floor was reasonably safe to walk upon, and until she knew or ought to have known that it was not, she had no duty to exercise any special care when walking in the

10

Defendant 's store. Thus the Plaintiff does not have to prove that she was not negligent and it is the Defendant who bears the responsibility and burden of proof of proving that the Plaintiff was comparatively negligent and that this comparative negligence was the proximate cause of the injuries which were sustained. C.G.S. 52-114.

If you find that the Defendant has proved Ms. Carmody was contributorily negligent - that is, that she failed to be as watchful and aware of her surroundings as a reasonable person would have been - and you determine that her negligence was at least partially the cause of her injuries, then you must consider the contributory negligence rule.

The rule works as follows: If we combine every act and every omission of every party to the action which caused the injury, we than have a total of 100% of the negligence involved. If the Defendant proved Ms. Carmody was more than 50% to blame for that injury, she cannot recover any money damages for her injury. If the Defendant proved that Ms. Carmody was partially at fault and that her fault was less than or equal to 50%, then her award shall be decreased by the amount you find the Defendant has proved she was negligent.

For example to make this rule clear: If the Plaintiff was 20% at fault and the Defendant was 80% at fault, the Plaintiff recovers 80% of her damages. If the Plaintiff was 50% at fault and the Defendant was 50% at fault, the Plaintiff recovers 50% of her damages. However, if the Plaintiff was more than 50% at fault, more than the party she has sued, she recovers no damages.

Just as an example, suppose the plaintiff's total damages were $100. If the Plaintiff was 30% at fault and the Defendant was 70% at fault, the Plaintiff would recover 70% of the 100%, or $70. Obviously, the numbers used are just for the sake of an example. I could have as easily used $10,000 or $1 million in my example.

## DAMAGES - GENERAL

If you find that any or all of the action or omissions of the employees of the Defendant were negligent in any of the ways in which I have discussed and you have determined that these acts or omissions were the proximate cause of the injuries sustained by the Plaintiff you are to award a sum of money which represents a fair just and reasonable compensation.  Belanger v. Village Pub I, Inc., 26 Conn. App. 509 (1992)

You must compensate Kerin Carmody for the injuries and damages which she has suffered from the day she was injured until today and from today until the end of her life. These damages include the following: (1) compensation for lost wages from the date of the injury until today; (2) compensation for her future lost earning capacity; (3) compensation for her past and future pain and suffering; (4) compensation for her past and future care needs, medical needs, and related expenses; (5) compensation for her inability to undertake normal activities of daily life; and (6) compensation for her loss of enjoyment of life's activities as a result of her injuries.

The Plaintiff is entitled to all damages which proximately resulted from the negligence of the Defendant . The test is, did the damages flow in a natural sequence from the injury? The Plaintiff is entitled to recover for all damages proximately caused by the Defendant 's wrongful acts, whether or not such results were reasonably to be anticipated from such wrongful acts. Corey v. Phillips, 126 Conn. 246, 255 (1939); Mourison v. Hansen, 128 Conn. 62, 66 (1941).

13

As for the future, you must, as best you can in your judgment, compensate the Plaintiff for the damages which are reasonably probable that she will suffer in the future. It is a question you must, as best you can, solve upon the basis of results which are reasonably probable to occur in the future. And insofar as you find that it is reasonably probable in the future that Kerin Carmody will suffer pain, will be restricted from carrying on her life's activities, will suffer physical or mental impairment, will suffer an impairment of her earning capacity, and will incur or require future expenditures for her care or medical needs, you will compensate him for those damages.

There must be a causal connection or nexus between the injuries and the accident itself. If in your mind there is something else causing the Plaintiff's pain or injures complained of then you must dismiss that injury from your minds as it is only where there is a causal connection that you are entitled to consider and award damages. Bonner v. Winter, 175 Conn. 41, 48 (1978). In a personal injury action, there are two general types of damages with which you must be concerned: economic and non-economic damages. Economic damages are monies awarded as compensation for monetary losses and expenses which the Plaintiff has incurred, or is reasonably likely to incur in the future, as a result of the Defendant's negligence. They are awarded for such things as the cost of reasonable and necessary medical care and lost of earnings or earning capacity. Non-economic damages are monies awarded as compensation for non-monetary losses and injuries which the Plaintiff has suffered, or is reasonably likely to suffer in the future, as a result of the Defendant's negligence. They are awarded for such things as physical pain and suffering, mental and emotional pain and suffering, and loss of diminution

14

of the ability to enjoy life's pleasures and for the permanent loss of function of body parts the Plaintiff proves was caused by the Defendant 's negligence.

In determining and assessing damages resulting from pain, suffering and disability, you should take into consideration the plaintiff's health at the time of her injuries, and preceding those injuries, the activities that she was able to perform, her age, and her life expectancy.  In connection with permanent injuries, you should consider the probable duration of the plaintiff's life, which the parties have stipulated is    35.3    years    from the date of her injury. Damages based on pain and sufferings are to be compensatory. That is, they should be fixed with the idea of compensating the Plaintiff adequately and reasonably for the pain, suffering and disability she has endured, as well as the pain, suffering and disability she will probably suffer in the future.

You may award the full amount of these damages or whatever amount you find that the Plaintiff has proven will be required as a result of the Defendant 's negligence.  In considering how much to award,  you must also consider what you believe to be a reasonable life expectancy.  It has been stipulated for Kerin Carmody life expectancy from the date of injury, when she was 46 years old , would have been an additional  35.3 years.

The Plaintiff  has alleged that part of her damages includes loss of earnings from May 26, 2001 as well as a reduction in her  ability to earn a living in the future.  I instruct you that a loss of earnings, both past and future, is a proper element of compensation. If you find that, between the time of the incident and today, Kerin Carmody  has lost wages as a result of her injuries, you must compensate her for the full amount of those lost wages.   Lost wages can

15

include salary, overtime, bonuses, commissions, and all other forms of earned income which you find that Kerin Carmody would have earned but for her injuries.

Kerin Carmody also seeks damages for her future loss of earning capacity. This differs from recovery for wages that have been lost before the time of trial. If you find that the injuries suffered by Kerin Carmody were a result of the Defendant 's negligence and that these injuries have caused an impairment of Kerin Carmody 's earning capacity in the future, she is entitled to recover full money damages to compensate for this loss.

Kerin Carmody also seeks damages for past and future interference with her capacity to carry on and enjoy life's activities in a way she should have, had she not been injured. If you find that Kerin Carmody has suffered injuries and that these injuries have interfered or will interfere with her ability to lead a normal life, have normal relationships, or carry on the normal activities of life, then you may properly award him damages for the destruction of her ability to enjoy and carry on life's activities. This award is in addition to other damages and is separate from and in addition to any award you make for pain and suffering.

The last item of damages you must award for the Plaintiff are damages for pain and suffering that she has experienced up until today and that which she will experience for the remainder of her life, due to the negligence of the Defendant . Again, I instruct you that these are proper elements of an injured party's damages that you are to consider.

Powers v. United States, 589 F.Supp. at 1106-1107;

Delott v. Roraback, 179 Conn. at 409;

Thompson v. Lupone, 135 Conn. 236, 239, 62 A.2d 861 (1948).

16

In deciding how much to award for this element of damages, you must consider Kerin Carmody pain and suffering from May 26, 2001 to today, and from today through the remainder of her lifetime. I instruct you that not only is the physical pain compensable, but also emotional anguish, suffering and psychological problems, such as depression and anxiety that accompany and arise out of the physical pain and injuries, must be considered.

Power v. United States, 589 F.Supp. at 1106-1107;

Delott v. Roraback, 179 Conn. at 409;

Thompson v. Lupone, 135 Conn. 236, 239, 62 A.2d 861 (1948).

If you find that it is reasonably probable that Kerin Carmody has suffered a permanent injury, you will attempt to compensate her for such permanent injury or physical impairment which you find that she sustained and will suffer from in the future. You must be satisfied fairly, by a preponderance of the evidence, that the results you are attempting to compensate them for are reasonably probable. Kerin Carmody is entitled to be compensated for what she would fairly be expected to suffer due to any permanent injuries or conditions which were caused by the Defendant ' negligence over the period of her life expectancy.

Wright and Ankerman, section 233.

17