FILED

2005 JAN 14 P 1:28

U.S. DISTRICT COURT
NEW HAVEN, CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Kerin Carmody
    Plaintiff

VS

Kohl's Department Stores, Inc.
    Defendant

) CIVIL ACTION NO.
) 303CV00456(MRK)
)
)
) January 12, 2005

### JOINT TRIAL MEMORANDUM

9(b)(1)   DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS:

1.   Have you or anyone close to you ever brought a claim for personal injuries?

2.   Have you or anyone close to you ever suffered injuries as a result of the fall?

3.   Can you treat the parties equally despite the fact that the plaintiff is an individual and the defendant is a corporation?

4.   Can you turn the plaintiff away without any recovery if she could prove she was injured but cannot prove that her injury was caused by the defendant?

5.   Have you or anyone close to you ever had a bad experience at a Kohl's Department Store?

6.   Have you worked in the field of accounting?

9(b)(2) DEFENDANT'S PROPOSED JURY INSTRUCTIONS

1.   **SYMPATHY**

If you find liability in favor of the plaintiff, you must not speculate or guess as to damages and under no circumstances should you let your sympathy affect your consideration of the law and the

evidence. Likewise it is not part of your function as jurors to punish the plaintiff or defendant or to be generous. Gigliotti v. United Illuminating Co., v. United Illuminating Co., 151 Conn. 114, 127, 193 A.2d 718 (1963); Rosa v. American Oil Co., 129 Conn. 585, 590, 30 A.2d 385 (1943).

2. **DEFENDANTS AS CORPORATIONS**

You will give no consideration nor pay attention to the fact that a company is a defendant from the viewpoint of sympathy for the plaintiff. The size of a company and its financial responsibility have no place in this trial. It is the pride of our system of law that our cases are not decided on the basis of whether the parties are rich or poor, corporations or individuals. You must decide this case on the evidence, and on the law as I give it to you, and not on some such condition as size or supposed wealth of a defendant. Gigliotti v. The United Illuminating Co., 151 Conn. 114, 121, 193 A.2d 718 (1963).

3. **PLAINTIFF'S DUTY OF CARE**

It was the Plaintiff's duty to be watchful of her surroundings and to exercise ordinary care both to avoid dangerous activities known to her and to discover conditions to which she might become exposed. Sealondge v. Poli, 98 Conn. 297, 301 (1927); See Rodrigues v. New Haven, 183 Conn. 473, 478, (1981).

The Plaintiff's duty to exercise ordinary care to avoid injury includes the duty to exercise ordinary care to observe and appreciate conditions on THE premises, and the Plaintiff is conclusively premised to know and appreciate dangers which, under the same OR similar circumstances, would have been known or appreciated by an ordinarily prudent person. Corriveau v. Associated Realty Corporation, 122 Conn. 253, 258 (1936); Wright & Fizgerald, Connecticut Jury Instructions, Vol. 1, Section 191.

The plaintiff is bound to a reasonable use of her faculties, to look out as an ordinarily prudent person would look out. She is bound by what she ought reasonably to have seen or known just as much as by what she did actually see or know. In addition, each party has a right to assume that the other party will make a reasonable of her senses and faculties. In this case, the Defendant had a right to assume that the Plaintiff would exercise reasonable use care in protecting herself from injury. Wright & Fitzgerald, Connecticut Jury Instructions, Section 110.

4. **NEGLIGENCE-PURE ACCIDENTS**

There are such things as pure accidents for which no one is to blame. If you find that plaintiff KERIN CARMODY was injured due to such an accident, then she cannot recover and your verdict must be for the defendant. There is a tendency to argue that every injury

is the result of somebody's negligence, but in many cases there are mere accidents for which, humanly speaking, no one is to blame. An accident is an unusually and unexpected event happening without negligence. The plaintiff has the burden of proving that her injury resulted from the defendant's fault rather than from pure accident. Richards v. Grace-New Haven, 137 Conn. 508, 510 (1951): Wright & Ankerman, Connecticut Jury Instructions, (4th ed. 1993), Section 616.

5. **DUTY OF THE DEFENDANT**

The defendant is not an insurer. The defendant does not guarantee that, if anybody comes into its store and is hurt, no matter how, it will pay for it. The defendant is only liable in the event that the accident happened through its negligence; and negligence means a failure to use that care which is reasonably prudent under all the circumstances. Wright & Fitzgerald, Connecticut Jury Instructions, Section 563(e)

6. **NOTICE**

a. In order to show that Kohl's Department Store breached its duty to Ms. Carmody, Ms. Carmody must prove that they had knowledge of the defective condition of the floor (if you find that one existed at all) or they had constructive knowledge of it, that is, that if they had made a reasonable inspection of the area, they

would have discovered it and would have had time to fix it. <u>Cruz v. Drezek,</u> 175 Conn. 230, 238-239 (1978).

  b. In order to recover as against Kohl's Department Store, the plaintiff must prove that the defendant had actual notice of a defective condition on the subject floor, or constructive notice of that condition on the floor. Constructive notice is where the situation had existed for such a length of time that, had the defendant exercised reasonable supervision of the area where the plaintiff fell, the defendant would have known of its existence. The notice must be of the very defect which occasioned the injury. On the question of notice, your consideration must be confined to the defendant, Kohl's Department Store's, knowledge of the specific defective condition on the floor causing the injury, in this case, the water on the floor. Such knowledge and realization cannot be found to exist from a knowledge of the general or overall conditions on the premises, nor from conditions naturally productive of the defect even though subsequently in fact producing it. If the plaintiff fails to prove that the defendant, Kohl's Department Store, had actual or constructive notice of the presence of the specific defect on the floor, then one must find for the defendant by rendering a verdict in its favor.

Adapted from Wright & Ankerman, Connecticut Jury Instructions, Supplement (4th Ed. 1993), Section 557(d).

7. **DUTY TO WARN**

The plaintiff also alleges that the defendants failed to warn her of the allegedly hazardous condition of the floor. First, there is no duty to warn if the defendant does not know of the dangerous condition. Second, even if you find that defendant knew or should have known of such condition, there is no duty to warn of dangers that the plaintiff could reasonably be expected to discover or anticipate. Warning against dangers which are either known to the plaintiff or of which she should know or anticipate, or may be expected to discover, then warning is unnecessary. If you find, therefore, that the condition of the floor where Ms. Carmody was walking was known to Ms. Carmody or was such that she would have been expected to discover or anticipate it, then the defendants owed no duty to warn Ms. Carmody and cannot be liable for the plaintiff's injuries with respect to this allegation of negligence; failure to warn.

Wright & Ankerman, Connecticut Jury Instruction (Civil), 1999 Supplement, Section 566(f).

```
                            THE DEFENDANT
                      BY: _____
                            BARRY P. BELETSKY
                            RICCIO & BELETSKY
                            310 Main Street
                            Suite 2B
                            East Haven, CT  06512
                            (203) 469-8080
                            Federal Bar: ct 05313
```

CERTIFICATION

This is to certify that a copy of the foregoing was mailed US Main this 12th day January, 2005 to:

Richard H. Greene, Esq.
431 Howe Avenue
Shelton, CT   06615

```
                            _____
                            BARRY P. BELETSKY
```